BENJAMIN JOHNSON, v. ANDERSON NEVILL et al.

In an action to recover the possession of real estate it is sufficient to allege in the complaint, that the land was in the possession of the 'defendant at the time of the issuing of the summons, where the plaintiff alleges title to the tract described, and that defendant is in possession of a part thereof, without particularly describing what part.

In an action to recover the possession of specific property, the object in describing the property is to let the defendant know what is claimed, so that he may give up the property, or contest the claim of plaintiff.

When a defendant is uncertain as to what is claimed in an action for the recovery of specific property, the Court, upon motion, will require plaintiff to give a more particular description, so as to remove all uncertainty.

Under the writ of *habere facias possessionem,* it is the practice for the plaintiff at his peril to point out the land recovered, to the Sheriff who puts him in accordingly.

Civil action for the recovery of the possession of realty, tried before *Clarke, J.,* at Spring Term, 1871, of HALIFAX Superior Court.

The plaintiff, in his complaint, alleged that in 1851, he was seized and possessed of a certain tract of land of three hundred and eighty acres, in Halifax County, and described the same, and that sometime in the fall of 1867 "the defendants entered on a part of said land by force, and still hold possession of said part, about fifty acres," and demands possession of the said premises.

The defendants reply by a general denial of the plaintiff's title, and claim title in themselves. On the trial the plaintiff proved the title out of the State, and in himself, to the three hundred and eighty acres.

The defendants further insisted that the complaint was void for uncertainty, and that the evidence had failed to fix the defendants with the possession of any particular part, and that no recovery could be had upon the complaint, and asked the Court so to charge.

The Court charged that the complaint was sufficiently certain,

and that if otherwise, the objection must be taken by demurrer.

The Court did not charge that there was no evidence, or that there was any evidence of possession on the part of defendants, but stated if the defendants entered upon the premises or any portion thereof after the plaintiff's title accrued, he was entitled to recover.

The jury returned a general verdict for the plaintiff, and assessed damages. Rule, &c. Judgment and appeal.

*Rogers & Batchelor*, for plaintiff.
*Conigland* and *Walter Clark*, for defendants.

RODMAN, J. The defendants in this Court move in arrest of judgment, on the ground that the lands of which the possession is demanded, are too defectively described to admit of a certain judgment and execution.

The learned counsel admits that the 380 acres, which the plaintiff claims to be entitled to, is sufficiently described. But he contends, that the only land within the issue, is the fifty acres, of which the defendants are alleged to be in possession. In this he is correct; for it is necessary for the plaintiff to allege that he is entitled 'to the possession, and that the defendants withhold it, and the only land to which both these allegations apply, is the fifty acres.

As to this, the counsel contends, that it is described only as being a part of the larger body, but where situated within it, is left altogether uncertain. In this proposition, however, it is omitted to notice that one further mark of description is given, by which the land may be identified, viz: that it was in the possession of the defendants at the issuing of the summons. Section 361, C. C. P., speaking of executions, says : " If it be for the delivery of the possession of real or personal property, it shall require the officer to deliver the possession of the same, *particularly describing it*, to the party entitled thereto, &c.

The Counsel admits, and we agree with him, that the description would have been sufficient under the practice prevailing in the former action of ejectment. He contends, however, that the section above quoted changes the rule, and requires greater particularity, than was before in use. We do not think such a change was intended, or would be found advantageous. Particularity of description admits of many degrees, and what is sufficient in any given case, must depend on the objects to be answered by it.

In an action to recover the possession of specific property, there can be but two objects:

1st. To let the defendant know what is claimed, so that he may give it up if he choose, or be prepared to contest the claim. As to this: if a defendant is really uncertain as to what is claimed, and likely to be misled, he can always obtain from the Court an order for a more particular description. Or if he claims title to any part of the land embraced, within the general description, he may set that forth with certainty, and defend as to that only ; and, by so pleading, either compel the plaintiff to re-assign, or fight the battle on a field of his own choice. Or, the jury in their verdict, may describe the land as to which they find for the plaintiff, according to the proof of his title. So, that this object can be obtained without any very great degree of particularity in the declaration.

2d. To enable the Sheriff to know from the execution itself, what to put the plaintiff in possession of.

This reason certainly has some plausibility. But its weight is much diminished by the reflection, that however particular and definite, (short of a photograph) a description of an object may be, it always requires some evidence outside of the written description to enable a stranger to apply it to the parcel intended ; so, that even in such a case, the Sheriff is obliged either to satisfy himself of the identity of the land, by witnesses, or to act on the representations of the plaintiff. It has, therefore, been the modern practice for the plaintiff, at his

peril, to point out the land recovered, to the Sheriff, who puts him in possession accordingly. Such a practice sometimes produces inconvenience, as when the plaintiff seeks to obtain possession of more or other land, than he has recovered. But, in such a case, the Court will always interfere and restrict the action of the Sheriff under the writ, to the land to which the plaintiff proved title on the trial. It was found by experience that the contrary course of requiring a precise and minute description of the land, in the declaration, was attended with inconveniences vastly greater. If a description be minute, it must be proved with exactness, or else the minuteness only misleads. Under such a rule, there is constant danger that a plaintiff may lose his cause from a variance in minute particulars, not entering into the merits, and the delay and expense of trials, is greatly aggravated. To avoid these evils, the constant tendency of modern opinion has been to reduce the certainty required in pleading, within the more moderate limits, which experience has shown to be reasonable and convenient.

It has never been customary in actions for the recovery of specific goods, to give any more than a general description, although a plaintiff may do so, if he chooses, at the risk of a variance, and cases may be easily conceived in which it would be necessary for him ; as for instance, if he claimed an ancient and peculiar horn or unique vase, or other rare article for which a bill for specific delivery would lie in equity. But, in general, it cannot be necessary, and to require it in all cases, would frequently defeat right and justice.

The motion in arrest is overruled. There is no error in the judgment below, which is accordingly affirmed.

PER CURIAM.                                      Judgment affirmed.