MARY E. A. FERGUSON v. SAMUEL WRIGHT et al.

*Practice—Motion by Persons not Parties to the Action to Stay Writ of Possession.*

1. It is the duty of one who recovers judgment for possession of land, to point out at his peril the land which he has recovered.

2. When a plaintiff, in an action to recover land, was adjudged to be the owner and entitled to be let into possession of an undivided one-eighth interest in the lands described in the complaint as part of " tracts Nos. 33 and 41 " (and otherwise described), and defendants made no objection to the description contained in the complaint, a writ of execution will not be suspended upon the petition of others, not parties to the action. who are in possession of parts of "tracts Nos. 33 and 41," and who allege that they fear that plaintiff will, under the writ, be placed in possession of the land occupied by them.

3. In such case, should it clearly appear that plaintiff had recovered poss·ssion of a tract of land when it, or a part of it, was in actual possession of a person not a party to the action, claiming adversely to defendants as well as plaintiff, the Court would have the power to suspend the issuance of the writ until, in an action, the plaintiff should be adjudged entitled to the possession as against such party also.

This was a motion by Iowa George and others for an order to stay a writ of possession, upon petition and affidavit, made after the judgment of the Supreme Court in the original action reported in 113 N. C., 537.

The motion was refused, and petitioners appealed. The salient facts appear in the opinion of Associate Justice CLARK.

*Mr. F. I. Osborne,* for plaintiff.
*Mr. J. W. Cooper,* for defendants.

CLARK, J.: It is the duty of the plaintiff who recovers judgment for possession, to point out at his peril the land which he has recovered. *Johnson* v. *Nevill,* 65 N. C., 677;

*Davis* v. *Higgins*, 87 N. C., 298. The defendants in this action have not objected to the description of the land as set out in the complaint, which, in fact, would seem really sufficient, to wit: "Lying on the waters of Peachtree creek, in Cherokee County, and more particularly described as follows: Part of No. 39, district No. 1; part of tract No. 41, in district No. 1, and part of tract No. 33, in district No. 1, being the lands on which the defendants now live, adjoining the lands of the old Ammons place, the Jesse White old place, the Leatherwood old place, the Reddix old place, and the widow place, and others, containing about 700 acres, more or less." The plaintiff recovered verdict and judgment to be let into possession with the defendants, as tenants in common, of one undivided eighth of the lands described as above in the complaint. It does not appear that the petitioners, who are not parties to the action and judgment therein, are in possession of any of said land. They merely aver that they are owners, and are now, and have been for more than twenty-one years, in actual adverse possession of parts of tracts Nos. 41 and 33, and fear that plaintiff may be put in possession of their part. As the plaintiff, by virtue of his judgment and writ of possession, has a right to be put into possession only of his undivided interest in such parts of said tracts Nos. 41 and 33, as he names and further describes as being in possession of the defendants, the fear is hardly well founded that he will go outside and take possession of land in possession of the petitioners. If he did, it would be by virtue of said writ of possession, and the petitioners would then have their remedy. They have no right to stay the issuance or execution of the plaintiff's writ of possession for the lands described in the complaint as being in possession of defendants.

If it clearly appeared that plaintiff had recovered judgment for possession of a tract of land when it, or a part of it, was in actual possession of a person not made a party to

the action, but who claimed to hold adversely to the defendants, as well as the plaintiff, then the Court would have power to suspend the issuance of the writ until, in an action, possession is recovered against such party also. *Judge* v. *Houston*, 34 N. C., 108. This is still so under the present *Code. Springs* v. *Schenck*, 99 N. C., 551, 556. But this is not the case here.          **No Error.**