WILLIAM FALLS *vs.* ROBERT F. GAMBLE.

1.  No estoppel of record is created against one not a party to the record, even though he had instigated the trespass, on account of which the action was brought, aided in the defence of the action, employed counsel, introduced his deeds in evidence and paid the costs, and though he and the present defendant, claimed by deeds under the present trespasser.

2.  The principle of estoppel by record, by which an end is put to litigation, and parties and privies are concluded, and cannot be heard to make averment contrary to the finding of a jury, fixed by judgment in regard to a fact precisely put in issue, underlies and is acted upon in all modes of procedure, and while under our present system the complaint and answer are usually so diffuse that an issue is seldom joined, with a precision, which is required to work an estoppel ; yet when the complaint avers title in the plaintiff, the answer admits possession, denies the title of the plaintiff, and sets up title in the defendant, a verdict and judgment will conclude the parties and privies in respect to the title as completely as a verdict and judgment in the old action of trespass *quere clausum fregit* where the only plea was *liberum tenementum.*

3.  The action for land under the C. C. P. differs, in this respect, from the old action of ejectment, in which the parties are charged and there is no estoppel because of the generality of the pleading in this : in an action for land the defendant, if he does not intend that his action shall try the title, should merely allege that he is entitled to the possession, and that the defendant withholds it, and so if the defendant does not wish the title concluded by the action should merely deny the allegations in the complaint so as to make his answer, in effect a plea of "not guilty.

4.  Entries of ages of pupils as shown by a Common School Register, while not admissible to prove the ages, is yet competent as an independant circumstance to corroborate the testimony of a witness as to age.

The cases of *Fry* v. *Ramsour,* at this term, and *Branch* v. *Goddin,* 2 Winst.s 105, cited and approved.

This was a civil action tried before His Honor Judge Logan and a jury at Fall Term 1871, of Gaston Superior Court.

The action was brought to recover land.

The plaintiff offered in evidence a deed made to him by one D. P. Morrow, dated January 13, 1869, and also a deed from

said Morrow to defendant dated October 8th, 1858, both cov-ering the land in dispute.

The plaintiff then offered evidence tending to show that said Morrow when he executed his deed to defendant was an infant, and in support of this view introduced as a witness one John Morrow, who testified that an entry in the family Bible was in the hand-writing of the father of witness, and said D. P. Morrow, and from that entry it appeared that D. P. Morrow was born 13th of January, 1848. He also testified that he and D. P. Morrow went to a common school kept by one Love, who required the ages of his pupils to be given in; that he informed his father of this requirement, and that his father told him to get the ages out of the Bible they were using at school, and that Love took took down their ages and inserted them in his register, as he gave them out of the Bible.

In reply to the evidence in behalf of the defendant tending to impeach this witnesss, the plaintiff offered in evidence the common-school register, and one J. S. Oates as witness; Oates testified that such register was required to be kept by the School Law, and that blank books had been furnished by the State; the first entry in the register was for the year 1858, and was that in the hand writing of said Love, who had preceeded him as teacher, and who was then dead, that the entry by Love in the register for 1858, in the column headed "ages of pupils," and placed opposite to the to the name of D. P. Morrow was the figure "10; that how he (Love) had obtained the age of D. P. Morrow, he did not know. This evidence was admitted after objection. This witness further testified that he suc-ceeded Love as teacher in the school, and that the entry in the register for 1859, (August,) as kept by himself as to D. P. Morrow, was "11;" that he could not tell how he had obtain-ed the age of D. P. Morrow, but it was his usual custom to get the ages from the pupils, or their parents, and that he must have obtained in one of these ways. This evidence was admitted after objection.

There was other evidence touching the age of D. P. Morrow, admitted after objection, but as it is not noticed in the opinion, it presumed the points were abandoned,

The defendant offered in evidence in support of his answer to that effect, the record of a suit tried in the same Court at Fall Term 1869, wherein the present defendant was plaintiff, and John Morrow and said D. P. Morrow were defendants, the same being an action brought to recover damages for a tresspass committed by the defendants on the land in dispute, and to prove by two of the jurors who sat on the trial of that suit, that the present plaintiff instigated the trespass then complained of, aided in defending that suit, employed counsel and that his deed of 13th January, 1869, was offerred in evidence therein, that the same question under investigation in the present action, was tried in that action, and that the only point tried by the jury was whether the deed made by D. P. Morrow to the defendant (then plaintiff,) Gamble, was made when said Morrow was an infant, and that the verdict decided that he was *not* an infant, and that the deed passed title—it was admitted by the plaintiff, who testified that he had commanded the trespass complained of in the former suit, that he employed counsel, paid the costs of the suit, and that his own deed was affirmed in evidence for the defendants in said suit. This evidence was objected to by the plaintiff, and excluded by His Honor.

In the former action there was a verdict for the then plaintiff (now defendant) Gamble, and it appeared that the turning point of both suits, was whether D. P. Morrow was of age when he made the deed to Gamble, October 6th, 1868.

There was a verdict and judgment for the plaintiff and appeal by defendant.

*Schenck* (with whom was *Bailey*) for appellant.

The finding of a *precise fact* material to the question is con-

clusive by estoppel between parties and privies, *Rogers* v. *Ratcliff*, 3 Jon. 225 and cases then cited.

The record in *Gambel* v. *Falls* was competent to show that the "infancy" was passed upon in that suit. *Long* v. *Baugus*, 2. Ire 290, and if the record did not show this issue, it was competent prove it by parol testimony, *Wood* v. *Jackson* 8 Wendell N. Y. Rep. p 9. *Lawrence* v. *Hunt* 10 Wend. p. 80. *Stokes* v. *Fraley* 5 Jon. 377.

Estoppel by record, is conclusive when pleaded in bar. *Woodhouse* v. *Willliams* 3 Dev. 508.

It is not necessary for "Infancy" to have been the only issue but one of the material issues. Smiths leading cases p. 443 Marg.

It is not necessary for the parties estopped to be parties to record ; notice and opportunity to defend is sufficient. *Mc. Kesson* v. *Mendenhall* 64, N. C. R. 505.

If the former suit was substantially the suit of the party sought to be estopped it is sufficient. *Kennisley* v. *Orpe* 2 Doug. 517, which is a paralell case.

Landlord has the right to become a party, when his tenant is sued and is therefore bound by the record if he has notice, in this he differs from a vendor who is not bound *Martin* v. *Cowles* 2 D. & B. 101, does not apply to landlords ; more especially are they now bound, as they, both vendor and landlord, may now be made parties. C. C. P. sec. 61, 19 Ark. Rep. 470. See *Chirac* v. *Reinecker* 2 Wheaton 280. Bullers N. P., p. 232.

The case of *Locke* v. *Norbowne* 3 Mod. R. p. 141, is distinguishable because the "subject matter" in controversy was not the same—the other tenant could not be made a party.

See also notes to Duchess Kingstons case. Smiths Leading cases 417. *Foster* v. *Earl* Derby 1, A. & E. 783. Where the closes in controvery were not the same.

The doctrine that the purchase must be after the judgment only applies where there is a different subject matter, or different "closes" in controversy. *Locke* v. *Norbowne*, *Foster* v. *Earl* Derby supra.

School Register is inadmissable because it was not the official duty of the teacher to make the entries.   Starkie p. 243, (therein differs from *Jacock* v. *Gillam* 3 Mur.)   Rev. Code ch. 66.   Acts 1857–'58, ch. ―, amending the school laws.

The entries by Oates were not introduced to confirm John Morrow.   His entries not admissable because he is living, the entries are not against his interest.   *Peck* v. *Gilmer*, 4 D. & B. 249.

It is submitted on the authority of *McKesson* v. *Mendenhall* supra that of D. P. Morrow being an action against Falls, for the damages recovered by Gamble against him in the former action that the judgment in that case would be an estopple.

*Hoke* and *Bynum* for the appellant.

1. The judgment in *Gamble* v. *Morrow* is *no estoppel* in this action, for it is "*res inter alios acta.*" *Andrews* v. *Blackmer*, 6 Hill 324. *Martin* v. *Bull*, 13 S & R 441 and 443.

Estoppel proceeds upon the ground that an obligor is concluded at law, by his own admissions under seal, in the instrument against which the objection is alleged. 2 Am. Lead. cases p. 164, npte.

The judgment in *Gamble* v. *Morrow* is no bar in this action.   Falls in that action, had no day in the Court; he could not cross-examine or introduce witnesses, plead or or appeal. C. C. P., secs. 61 and 62.   The essential difference of the two actions is to be observed.   In the one the complaint is injury to the possession, and the judgment is for *d*amages for injury ; in the other the complaint is for title and possession and judgment is for both.   The essential issues are wholly different, as are the verdicts and judgments.

If Gamble had sued Falls and recoved upon the title, and then Morrow, claiming under Falls as tenant, had sued Gamble, the former recovery would probably be a bar, for he claiming under another, who has had his day in Court and is estop-

ped,. But this is not our case. Here Fallsis relying upon and arresting his own title adversely, not only to Gamble, but Morrow and the ward. There is no such privity of estate here, in the sense of the books, as to make the former action, a bar to this. If so, ¡land would be the most insecure of all property in this State.

The bar claimed here is waived by the pleadings. *Ransom* v. *McClees*, 64 N. C. R. 17. *Harkey* v. *Houston*, N. C. R. 137.

2. The several questions of evidence as to the birth, age, &c., are clearly settled. 1st Greenleaf Ev., secs. 104, 105, 106.

As to entries officially and otherwise by these parties. See secs. 114, 116 same work. *Moffit* v. *Witherspoon*, 10 Ired. 185. School law *Bland* v. *Warren*, 65 N. C. C. 372. *Wiseman* v. *Cornish*, 8 Jones 218. *Clement* v. *Heartt*, 1 Jones 400.

3. The declarations of a vender after sale are not evidence against his vender as to the title. *Williams* v. *Clayton*, 7 Ired 442. *Ward* v. *Saunders*, 6 Ired. 382, and many other cases.

If, therefore, Morrow's declarations subsequent to sale are not evidence against Falls, a judgment against Morrow, at suit of Gamble, would not be evidence.

PEARSON, C. J. Both parties claim under David P. Morrow, so by the general rule, neither can deny the fact, that the title was at one time in him, and the question is, did the deed of David P. Morrow, dated January 13th, 1869, pass the title to the plaintiff.

The defendant, "by way of plea," relies upon an estoppel of record, and avers that the title of plaintiff derived under this deed has been passed on, and judicially found to be of no force or legal effect, and to support this position, offered to put in evidence the record of an action tried at Fall Term, 1869, in which he was plaintiff, and John and David P. Morrow were defendant for a trespass committed by them on the land in dispute; the answer in that action admits the trespass, and avers by way of

defense that David P. Morrow, was under the age of 21 years at the time he executed the deed to the plaintiff, (Gamble) 5th October, 1868, and was of the age of 21 years when he executed the deed to Falls 18th of January, 1869, and that the defendants committed the alleged trespass as tenants of Falls, and justify under his title, so the title of Falls was doubly at issue.

The jury find all the issues in favor of plaintiff, (Gamble,) and there was judgment. The defendant further offered to prove that Falls, the plaintiff in this action, instigated the defendant in the first action to commit the trespass, aided in defending the action, employed counsel and paid the costs, and the deed of David P. Morrow to Falls was read in evidence on the trial.

His Honor being of opinion that the record, in conjunction with the other facts offered to be proved, did not create an estoppel on Falls, rejected the evidence. This is the main question in the case.

We concur with His Honor in the opinion that the record in conjunction with the facts outside of the record, showing the participation of Falls in respect to the action did not create an estoppel, and conclude him from relying in this action, upon the title derived under the deed of David P. Morrow to him 15th January, 1869.

The issue upon which a case turns is not as distinctly exhibed on the record, by the complaint, answer and replication under the Code of Civil Procedure, as it is by the declaration, plea, replication "by way of traverse," and the *similiter*, under the old mode of pleading.

But after consideration, we do not give our assent to the proposition of Mr. Bynum, that under C. C. P. "the issue is so covered over and mixed up," as to put certainty of pleading out of the question, and therefore, there cannot under C. C. P. be an estoppel of record.

Our conclusion is, that if in an action for injury to land, the defendant by his answer avers title in himself, admits the al-

leged trespass, and the right of the plaintiff to have judgment, (that is, gives color as the books call it,) unless the defendant shows a good title in himself, the verdict and judgment create an estoppel in respect to the title of the defendant so put directly at issue, by the record, in the same way as the plea *"liberum tenementum"* in an action, *"trespass quare clausum"* did under the old mode of pleading.

The principle of estoppel of record, by which an end is put to litigation, and parties and privies are concluded, and cannot be heard to make an averment, contrary to the finding of a jury fixed by judgment, in regard to the fact, precisely put in issue—underlies and is acted upon in all modes of proceedure. True. under C. C. P., the complaint and answer are usually so diffuse that an issue is seldom joined, with the precision which is required to work an estoppel, but whenever there is the requisite precision, the record concludes both of the parties and their privies. Had Gamble brought his action against Falls, for trespass on the land, and Falls in his answer had admitted the possession of Gamble, and the committing of the alleged trespass by his orders, and put the defense on his title, under the deed of Morrow, January 13th, 1869, a verdict and judgment would have worked an estoppel in the same way it would have done in the old action *"trespass quere clausom,"* under the plea *"liberum tenementum."* Indeed, under C. C. P., in an action for land, where the complaint avers title in the plaintiff, the answer admits possession, denies the title of the plaintiff, and sets up title in the defendant, a verdict and judgment will conclude the parties and privies in respect to the title. So the action for land under C. C. P., differs in this respect from an action of ejectment, where there is no bar—as the parties are changed—and no estoppel, because of the generality of the pleading. In an action for land, the plaintiff, if he does not wish the action to try title, should merely allege that he is entitled to the possession, and that the defendant withholds it, to his damage—and the defendant if he

does not wish the action to conclude the title, should in his answer merely deny the allegations of the complaint, so as to make it in effect a plea of "not guilty," or the "Gen. issue." See *Harky Houston*, 64 N. C.

Mr. Bynum on the argument, assumed that the judgment in *Gamble* v. *Morrow*, is set up in the answer as a bar, to the present action, like a plea of former judgment between the same parties for the same cause of action. If the first action had been *Gamble* v. *Falls*, the judgment would have been a bar to this action, for the cause of action is not the same. In this, it is for the land, in that, it was for an injury to the possession.

But he was mistaken in that view, for the defense is not put on the idea of a bar to the second action, but as an estoppel of record in respect to the title of Falls—and as we have seen the verdict and judgment, would have worked an estoppel of record, if Falls had been a party defendant in the first action, but Falls was not a party to the first action, and we have the question, is he estopped as a privy of David P. Morrow?

There are privies in blood, as the heir, privies in estate, the particular tenant and remainderman and reversioner, and privies in law as feoffer and feoffee. In the general sense all who derive title from, or claim under another, are his privies, and are bound by the estoppels and conditions annexed to the estate, at the time it rested. Gamble and Falls are both privies of David P. Morrow, as both claim title under him, and by a general rule are concluded, as to the fact that the title was at one time in him. See *Frey* v. *Ransour*, at this term, but the estoppel now set up against Falls, is not that arising out of the deed of Morrow, but one growing out of the verdict and judgment, in the action which Gamble afterwards brought against John and David P. Morrow, and in respect to that, it is the same, as if the action had been against William Orpe, if he instead of the Morrows had committed trespass by the command of Falls. Simplify the question by

disconnecting it from the fact,that both *Falls and Gamble* claim under David P. Morrow in respect to the deeds and substitute, William Orpe as defendant in the first action, and there is no ground upon which Falls can be made a privy of record, he does not claim under him, on the contrary Orpe is a tenant of Falls, and acted by his orders in committing the trespass ; so Falls is not a privy in the legal signification of the term, but he is an accessory before and after the fact, insti gating, aiding and abetting the alleged trespass. Falls might have made himself a party of record as landlord, but he would have been at the disadvantage of stepping into the shoes of his tenant; on the other hand Gamble might have made Falls a defendant. This he did not see proper to do, so Falls is not a party or a privy of record, he is but an accessory.

The defendant says, true, Falls is not a privy of record, but he instigated Orpe to commit the trespass, aided in the defense of the action, employed counsel and paid the cost, and Orpe read the title deed of Falls in evidence on the trial. Take all this to be so : how can these matters dehors constitute him a party or a privy so as to work an estopple of record ? If this be so, Falls would loose his title not by record or by deed, but by parol evidence, a thing never before heard of except in one case *Kennersly* v. *Orpe*, 2 Douglass 517, on which case Lord Ellenburgh comments in this wise in *Outram* v. *Moorewood*, 3, East 366.

As to the case of *Kinnersly* v. *Orpe* it is extraordinary that it ever should for a moment, have been supposed that there could be an estoppel in such a case &c.

Mr. Bynum on the argument showed the unfairness of treating Falls as a party or privy of record, admitting him to have been an accessory before and at the fact, by this proposition, which was not met and cannot be met. After Falls took the deed from him, the declarations or admissions of Morrow, were not admissable in evidence against Falls—how then can Falls be concluded by a virdict and judgment, afterwards rendered

WILLIAM FALLS *v.* ROBERT F. GAMBLE.

against Morrow which may have been based upon the declarations and admissions of Morrow after he executed the deed to Falls who was not party to the action, although conducting it outside, he could not be recognized by the Court and had no right of appeal or otherwise? One who conducts a suit as guardian of an infant is not estopped by the record for he is not a party. *Branch* v. *Goddin,* 2 Winston 105.

The evidence in regard to the entries on the school register was competent. These entries were not offered to prove the truth of the facts therein set out, but merely as independent circumstances tending to corroborate the witness John Morrow. The evidence rests on the same principle, that although a record is not evidence to prove the truth of the facts therein set out, except between parties and privies, yet when the mere existence of such a record is material to be proved, it is evidence of that fact against every one and the rule *"res inter alios acta"* has no application. So here the mere existence of the fact that the figures 10 and 11 were entered on the school register by the teachers of the respective years is evidence not to prove the truth of the entries, but to show that in point of fact such entries were made *ante litem motam.*

No error.

PER CURIAM.  Judgment affirmed.