STEPHEN W. ISLER v. F. B. HARRISON and WM. FOY,

In an action for the recovery of real estate, an admission by the plaintiff that the question of title to the same land had been tried in a former suit between himself and the same defendants, and that it had been found against him, will estop him from any further proceedings and justifies a verdict for defendants.

(*Falls* v. *Gamble*, 66 N. C. Rep. 455, cited and approved.)

CIVIL ACTION, for the recovery of real estate, tried by His Honor *Judge Clarke* and a jury, at the Fall Term, 1873, of JONES Superior Court.

The defendants in their answer, relied upon a verdict and judgment still in force, heretofore rendered in the said Superior Court between the same parties and for the same cause of action, introducing the transcript of said judgment, &c., to prove the identity of the land, and that the title to the same was determined in the former suit. To this answer there was no replication, and the plaintiff admitted the facts as therein set forth.

The plaintiff on the trial proposed to introduce evidence establishing his title, which being objected to by defendants, His Honor excluded, and ruled that the plaintiff was estopped from further proceeding by the record of the former suit.

There was a verdict, under the instruction of the Court, for the defendants. Judgment in accordance therewith, and appeal by plaintiff.

*Green*, for appellant.
*Haughton*, contra.

PEARSON, C. J. The effect of a verdict and judgment in an action for land, under C. C. P., when the title is put at issue and directly adjudicated, to work an estoppel in respect to the title is so fully discussed in *Falls* v. *Gamble*, 66 N. C. Rep., 455, as

to relieve us from the duty of attempting to make any further explication of the doctrine.

Our labor has been to decide whether the verdict and judgment in the first action and the averment of such verdict and judgment set up as an estoppel in respect to the title by the answer filed in the second action, have sufficient certainty and directness to bring the case within the application of a doctrine which, Lord Coke says, " is odious, because it shutteth a man's mouth from speaking the truth," but which, according to modern authority in respect to matters *in pais*, enforces good morals by not allowing one of those who claim, under him, to gainsay what he had directly and in a solemn manner affirmed to be a fact; and in respect to matter of record, enforces a principle of public policy, "there should be an end of litigation," by not allowing one of those who claim under him to ask for a second adjudication of an issue of fact or law which had by *final* judgment been decided against him.

In our case the draftsman of the answer did not advert to the difference between a plea in bar of the second action, " Former judgment between the same parties, for the same cause of action," which could be met by the replication of title since transferred to plaintiff by defendant, and so a new cause and the plea " of estoppel by the record" in respect to the title.

But we find in the case made up for this Court by the counsel of the appellant the clause, " It is admitted by the plaintiff that the facts set forth (in the answer) as to the former judgment and verdict are true."

This admission, beyond question, brings the case within the operation of the doctrine of estoppel, and sustains the ruling of His Honor.

There is no error.

PER CURIAM.        Judgment affirmed.