ELIZABETH NISPEL *et al.*

*v.*

WILLIAM B. LAPARLE *et al.*

1. MARRIED WOMEN — *power to contract.* The right of a married woman to engage in business in her own name with her separate property, necessarily implies the right to purchase goods with which to carry it on, and to bind herself by contract to pay for such purchases, and the law that authorizes this will compel her to abide by and perform such contracts.

2. SAME — *notes by, when binding.* If a married woman gives her promissory notes with her husband for goods bought by her as her own property, for her own use, in her own business as a saloon keeper, carried on by her in her own name, with her own means, and which were used by her in such business for her own benefit, without the interference of her husband, she will be liable to an action on the notes, notwithstanding her coverture.

3. DEMURRER — *admission of facts in pleading.* By demurring to a pleading, such as a replication, the party admits the substantial facts alleged in the pleading demurred to, and no proof of them is necessary on a trial upon other issues.

4. JUDGMENT — *on demurrer binding as an estoppel.* A judgment on a demurrer is equally conclusive, by way of estoppel, of the facts confessed by the demurrer, as a verdict finding the same facts, and facts thus established can never afterward be contested between the same parties, or those in privity with them.

5. CONTRACT — *to extend time of payment.* A contract to extend the time of payment of notes upon giving other notes secured by mortgage on good real estate, is not a defense to a suit on the original notes when the mortgage is objected to as upon land of no value and for want of title in the mortgagor, where these objections are not obviated or shown to be unfounded.

APPEAL from the Superior Court of Cook county; the Hon. JOSIAH McROBERTS, Judge, presiding.

Mr. B. WALSH, for the appellants.

Mr. JAMES LANE ALLEN, for the appellees.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of assumpsit, brought by appellees, in the Superior Court of Cook county, against appellants, upon three promissory notes.

The defendants filed five pleas to the declaration: 1st. The general issue. 2d. That the plaintiffs, in consideration of defendants agreeing to pay ten per cent interest, agreed to extend the time of payment of the notes. 3d. That the plaintiffs agreed to extend the time of payment of the notes upon the understanding that defendants would give new notes and a mortgage upon real estate to secure the same. 4th. Substantially like the third. 5th. Coverture of defendant Elizabeth Nispel.

Issue was formed on all the pleas except the fifth; to this plea the plaintiffs replied that the appellant Elizabeth Nispel bought the goods for which the promissory notes were given as her own property, for her own use, in her own business as a saloon keeper, then carried on by her, in her own name, with her own means, and were used by her for her own benefit without the interference of her husband.

To this replication a demurrer was interposed, which the court overruled, and defendants electing to abide by the demurrer, judgment was therefore entered upon it. A jury having been waived, a trial was had before the court, which resulted in a judgment in favor of appellees for $299.80, to reverse which the defendants have prosecuted this appeal, and assigned two errors upon the record.

1st. The court erred in overruling the demurrer to the replication.

2d. The court erred in finding in favor of the plaintiffs and entering judgment against the defendants.

The question presented by the first error assigned is, admitting that appellant purchased the goods for which she executed the promissory notes, with her own means, as her own property, for her use, in a business carried on in her own name,

without the interference of her husband, for her exclusive benefit, is she liable? This is not an open question in this court. We regard the law as well settled that her liability is the same as if she were sole and unmarried.

The case of *Cookson* v. *Toole*, 59 Ill. 515, was an action against a married woman to recover for work and labor, a plea of coverture having been interposed, to which the plaintiff replied the work and labor was performed in the improvement and cultivation of defendant's farm and taking care of her stock, which were her own separate property. In disposing of the validity of the replication, it is there held: In the case at bar, the separate estate, as is alleged in the replication, was derived from persons other than defendant's husband; it consisted of a farm under cultivation, with implements and stock, subject to her sole control and management, for her sole use and benefit. The measure of her right to hold, own, possess and enjoy this property, is that which an unmarried woman would have. This right must, by necessary implication, carry with it all the incidents to such a degree of enjoyment of property, and one of those incidents is a legal capacity to contract for servants and laborers.

The same principle there announced applies with equal force to the replication in this case.

The right of appellant to engage in business in her own name with her separate property necessarily implies the right to purchase goods, to bind herself by contract for the payment of such purchases, and it necessarily follows that the same law that authorizes her to engage in business and contract will compel her to abide by and perform these contracts. *Martin* v. *Robson*, 65 Ill. 129; *Haight* v. *McVeagh*, 69 id. 624.

We are, therefore, of opinion that the facts alleged in the replication were sufficient in avoidance of the plea of coverture, and the court properly overruled the demurrer.

This brings us to the second error assigned, and under this head it is claimed by appellants that no proof was introduced

to establish the fact that the notes sued upon were made by Elizabeth Nispel in respect to or regard of her separate property. No proof was necessary upon this point other than that appearing upon the record. The facts alleged in the replication, one of which was that the notes sued upon were given for goods purchased by appellant with her own separate money, and used and enjoyed by her as her own separate property, were admitted of record by the judgment of the court upon the demurrer.

A judgment rendered upon a demurrer is equally conclusive (by way of estoppel) of the facts confessed by the demurrer as a verdict finding the same facts would have been, since they are established as well in the former case as in the latter, by matter of record; and facts thus established can never afterwards be contested between the same parties or those in privity with them. Gould's Pleadings, 4th ed. 444, §§ 43 and 44.

This, then, left the issues raised by the other four pleas, only, to be determined by the court upon the evidence introduced.

The testimony relied upon by appellants the court held was no defense to the action, and in this we concur entirely with the decision rendered.

It was claimed by appellants that an agreement was made to extend the time of payment of the notes in suit; that the agreement was they were to give other notes secured by mortgage on good real estate owned by Elizabeth Nispel; that the notes and mortgage were made out and tendered, but appellees refused to accept them.

It appears, however, that objection was made that the real estate was worthless and the title was not in appellant.

When these objections were made and pointed out by appellees to appellants, it does not appear that any efforts were made to remove them.

Neither does the record before us show that the objections were unfounded. One of the appellants testifies, it is true, that

the real estate contained in the mortgage was unincumbered, but whether it had any real value or who owned the title does not appear.

We are of opinion that the appellants entirely failed to establish a defense under the issues, and the judgment of the court below was correct; it will, therefore, be affirmed.

*Judgment affirmed.*