JESSE YATES v. ROBERT YATES and wife.

*Action to Recover Land—Estoppel—Former Action—Parol Evidence.*

1. Whenever the record of a trial in a former action is pleaded as an estoppel in a subsequent action, and such record fails to disclose the precise points on which the first action was decided, it is competent to the party pleading it to aver the identity of the point or question on which the decision was had and to support it by proof; and the same,

if proved, is equally conclusive as if the same matter appeared of record.

2. In such case, averments and parol proof may be resorted to in support of a record whenever the verdict and judgment are vague, with this limitation only, that it should be such as to show the question of fact decided in the first action and its materiality, with such precision as to indicate clearly that it was material and must have been passed on by the jury.

3. In an action to recover land, where the defendant pleaded as an estoppel the verdict and judgment in a former action wherein the plaintiff sought to recover of the defendant the possession of the land in question and claimed title under a deed to him from Y., which defendant assailed as a forgery, and the jury found against the plaintiff's right of possession; *Held*, that the question of the validity of the deed was, in a legal sense, of the substance of the issue, and the verdict of the jury was the same thing as deciding adversely to title in the plaintiff; and that the plaintiff was thereby estopped.

(*Long* v. *Baugas*, 2 Ire., 290; *Falls* v. *Gamble*, 66 N. C., 455; *Rogers* v. *Ratcliff*, 3 Jones, 225, cited, distinguished and approved.)

CIVIL ACTION to recover Land tried at Spring Term, 1879, of WILKES Superior Court, before *Schenck, J.*

The case was tried upon the pleadings, the nature of which is embodied in the opinion. Judgment for the defendants, appeal by plaintiff.

*Messrs. G. N. Folk* and *D. G. Fowle,* for plaintiff.
No counsel in this court for defendants.

DILLARD, J. In this action the plaintiff seeks to recover land on a claim of ownership and title in himself, and the defendants defend on two grounds:

1st. They deny title in the plaintiff and aver title in themselves; and 2nd, They show forth by way of special plea as an estoppel, that the plaintiff before the institution of the present action, had a suit against them to recover the possession of the same land which was defended on the denial of the right of possession in the plaintiff and on the averment of title in themselves, and that on the trial, the plaintiff, as part

of his claim of title, introduced in evidence a deed to him from one John Yates under which he claimed title, which defendants assailed as a forgery and inoperative to pass any right of possession to plaintiff, and an issue or point was then raised as to the validity of said deed ; that on the trial of the issue to the jury as to the right of possession, both sides adduced proof as to the execution and validity of said deed on which the issue turned, and in response the jury returned a verdict negativing the alleged right of the plaintiff to the possession ; and besides these facts, on the record of the former action made part of the plea, identity of parties and subject matter of action and sameness of issue or point in contest is averred in the plea; and it is alleged that plaintiff now has no other ground on which he claims title than under the said deed of John Yates which was assailed and found against by the jury in the former action.

The plaintiff demurred to this special defence of the defendants on the ground that it does not appear from the record of the former action made part of the plea, that any issue was made and passed on as to whether said deed from John Yates was a forgery or not, and that on the pleadings alleging a right of possession in the plaintiff and denial thereof, together with a title in the defendants, nothing did or could appear on said record by way of issue as to the validity of said deed except by way of argument.

On the hearing of the demurrer His Honor held that it appeared from the record vouched in the plea, that the defendants admitted possession and put their defence solely on their own title, and a verdict being rendered in favor of defendants His Honor adjudged that the demurrer be sustained and that defendants go without day and recover costs, and from this judgment the appeal is taken.

1. The question for our determination raised by the demurrer is, whether in law the facts contained in the record of the first action and the averments in the plea of the point

on which that action was decided, and of the identity thereof as well as of the parties and subject matter of the action with the same matters in the present action, do or do not conclude and estop the plaintiff from having and maintaining this action.

A verdict and judgment directly upon the point in issue is as a plea, a bar, or as evidence, conclusive upon the same matter directly in question in another suit, not extending to any matter coming collaterally or incidentally in question, or inferred by way of argument. *Duchess of Kingston's case,* 2 Smith Leading Cases, 424.

This became a rule and is enforced in the courts upon the idea that when a point or question is once litigated and decided by a verdict and judgment, it was justice to the parties and good policy that the same should not again be drawn into contest in a subsequent suit between the same parties. And to give effect and application to the principle, the rules of pleading required it to be availed of by plea of the judgment as a bar, or estoppel, or as evidence on the general issue. And anciently under the system of pleading conducive to the end of ascertaining and preserving in a permanent form the material issues and the adjudication thereof, it was held that the record should not estop, unless it showed on its face that the very point sought to be kept from a second contest, was distinctly presented by an issue and expressly found by a jury.

A system of pleading more general and loose having been adopted and allowed at this day, but little of the ancient certainty of allegation and denial is now required; and hence it is difficult if not impossible to ascertain the subject matter of a controversy and the precise points made and decided by a mere inspection of the record as formerly; and therefore it grew to be the rule that it was not necessary that the record should show definitely the precise point or question, upon which the right of a plaintiff to recover, or the

validity of a defence depended, but only that the same matter might have been litigated and decided, and that intrinsic evidence might be admitted to define what the question was, its materiality, and its decision by the jury. *Young* v. *Black,* 7 Cranch 565; *Packet Co.* v. *Sickles,* 24 How., 333; *Wood* v. *Jackson,* 8 Wend., 9; *Eastman* v. *Cooper,* 15 Pick., 276; 1 Greenl. Ev., § 531.

The rule of the admissibility of parol testimony in support of the plea of estoppel to show what was the material point, and its decision in a former action, generally prevails at this day; and although not expressly sanctioned and adopted, it has never been repudiated by our courts. On the contrary in an action for detinue for slaves on the plea of *non detinet,* the record showed a verdict for defendant, and on a subsequent action being brought by and against the same parties and for the same negroes, the plea of former verdict and judgment was interposed as an estoppel, with averment and proof of the identity of the cause of action, parties and title, as a ground of recovery in each action. This court, though deciding the case against the plea, held that the question of the admissibility of proof, that the same point had been insisted upon and passed upon on the first trial, was an unsettled question, and they did not go into it, but dismissed the point with the remark that if the record can be aided by averments and parol evidence, it could only be when the issue and verdict were such as to indicate that the alleged issue and decision in the first action must have been directly in question, and the verdict rendered on the same, and no other ground. *Long* v. *Bagas,* 2 Ire., 290.

In *Falls* v. *Gamble,* 66 N. C., 455, the action was to recover land, the plaintiff and defendant both claiming under one Morrow, and the defendant pleaded as an estoppel the record of a former recovery by him against Morrow, in a suit wherein the point on which the case turned was as to the infancy of Morrow at the making of the deed to Gamble,.

26

and whilst the record did not show the point on which the first case was decided, evidence was received to show it was the same point as in the second one; and this court on the appeal laid no stress on the competency or incompetency of the parol proof in aid of the record as to the point decided, but decided the case on the ground that Falls was not a privy of record to Morrow and therefore was not affected by the estoppel.

The point appears to be an open one in this state, but it is believed that the prevailing doctrine is that whenever the record of the first trial fails to disclose the precise point on which it was decided, it is competent to the party pleading it as an estoppel to aver the identity of the point or question on which the decision was had, and to support it by proof; and the same if proved is equally conclusive as if the same matter appeared of record. Such was the rule in New York as to the admissibility of averments and proof in aid of a record pleaded as an estoppel when the case of *Long* v. *Bangas, supra,* was before this court, and it is the recognized rule by many decisions in that state. *Burt* v. *Sternburg,* 4 Cowen, 559 ; *Doty* v. *Brown,* 4 Comst., 71 ; *Lawrence* v. *Hunt,* 10 Wend., 89; *Gardner* v. *Buckbea,* 3 Cowen, 120 ; and many cases cited in Hare and Wallace's note to *Duchess of Kingston's case,* 2 Smith Leading Cases, 674. It is also received as legitimate generally in the states of the American Union, as cited in notes of Hare and Wallace to *Duchess of Kingston's case. supra.* In the United States courts, in the case of *Miles* v. *Caldwell,* 2 Wall., 36, it was decided that where the issue in the former trial relied on as an estoppel is so vague on the record as not to show precisely what questions of fact were before the jury and necessarily passed on by them, parol proof might be given to show them ; and the principle of that case has been approved in *Aurora City* v. *West,* 7 Wall., 72, and in many other decisions of that court.

From these authorities it seems to us that averment and

parol proof may be resorted to in support of a record when-
ever the verdict and judgment are vague, with this limita-
tion only, that it should be such as to show the question of
fact decided in the first action, and its materiality, with
such precision as to indicate clearly, as expressed in *Long* v.
*Baugas, supra,* that it was material and must have been
passed on by the jury.

This conclusion at which we have arrived is not in con-
flict with the case of *Rogers* v. *Ratcliff,* 3 Jones, 225, to which
our attention was called, or any other case in our reports, as
we understand it. In that case the pleas were general issue
and *libcrum tenementum* to the first action of trespass and the
finding of the jury was general, and on the plea of the
record it did not indicate the point or plea on which the
case turned, and the plea in the second action of the record
being as a bar or a strict estoppel and no averments made
in aid, it was held of course as not concluding from main-
taining the second action. How it would have been if the
plea of estoppel had set forth the record and averred that
the first trial was on evidence adduced under the plea of
*liberum tenementum,* does not appear, but most likely in har-
mony with the rule generally prevailing as shown above.

2. It being thus seen that a verdict and judgment upon a
matter in issue are of themselves conclusive as a bar when
the identity of the issue is apparent on the record, or that
the same may become equally conclusive on averment of
the issue actually tried and found by the jury, it remains to
consider and determine the nature and kind of issue on
which the first action between these parties was tried.

The plaintiff on inspection of the record sought to re-
cover the possession and the defendants in answer admitted
possession and averred title in themselves, and thereby in
legal effect it was a controversy on the title as carrying the
incident of the right of possession, and such being the pre-
cise point on which the first action depended, the deed of

John Yates to the plaintiff was a material and necessary element and constituent of title, without which he could not have a right of possession as against the defendants; and the validity of the same being assailed, it became in a legal sense of the substance of the issue. The jury having on the issue put to them negatived the right of possession in the plaintiff. it was the same thing as deciding adversely to title in the plaintiff, and so it probably became *res adjudicata* as His Honor regarded it in the court below. But if under the particular form of the issue as to the right of possession the verdict be regarded as indefinite and not pointing out the ground on which the jury proceeded, still as we have seen, it was admissible to make averment of the point investigated and passed upon ; and in this case the defendants did that thing.

The plaintiff having demurred to the special defence set up by defendants instead of taking issue on the averment of separate facts therein contained, in legal effect, admits not only the record and the facts, but all the allegations of the plea as to identity of the points in actual contest with those controverted in the present action, and as to a claim of the right of possession under the assailed deed of John Yates and no other, precisely as in the former action, and on the basis of the truth of these facts it seems to us that the defence set up was in law as sufficient to bar the action of the plaintiff as if on a traverse they had been found true by a jury.

No error.                                    Affirmed.