### J. J. CRUMP v. B. M. THOMAS.

*Trial—Estoppel—Jurisdiction.*

1. Where the judge determines the facts involved in a question of estoppel with the tacit consent of the counsel for the defence, who argues the facts before the court, the defendant cannot complain on appeal that he was denied a trial by jury.

2. When the existence of such matter of estoppel depends upon a matter of record, the effect of which is a question of law to be determined by the court, it is unnecessary to refer the issue to a jury, whose verdict must be guided entirely by the instructions of the court.

3. *Quaere*, as to whether the determination of issues in a cause originating before a justice who has no jurisdiction where the title to real estate is in controversy, can be effectual in concluding a party as to the title to the recovered land in another suit where such jurisdiction does exist.

(*Yates* v. *Yates*, 81 N. C., 397, cited and approved.)

MOTION by defendant to vacate a judgment, heard at Spring Term, 1881, of CHATHAM Superior Court, before *Avery, J.*

The action is to enforce an alleged parol trust upon land, for an account to ascertain the residue of the encumbering debt and for redemption. The defendant relies upon a former adjudication, and in his answer avers that at fall term, 1879, in a case then depending in this court, and embracing the same issues, he recovered judgment against the plaintiff, which is a bar to the present suit. When the cause came on for trial, the defendant's counsel, without the consent of the plaintiff, suggested the reference, but preliminary thereto a decision upon the defence of estoppel, which might obviate the necessity and save the expense of the reference. Thereupon the court proceeded to consider the same on the pleadings and proofs offered, and after argument of counsel of both parties, declared and adjudged " that the matter set

up in the last article of the defendant's answer (the estoppel) constituted no bar" to the prosecution of the suit, and made an order of reference for an account to be taken of the purchase money and of the rents accruing during the defendant's occupation. The defendant's counsel then announced his intention to appeal (which however is not entered of record) and failed to prosecute the appeal. At spring term, 1881, the defendant's counsel, on notice, moved his Honor to vacate the judgment rendered at the preceding term for irregularity, in that, the matter was decided by the court and not submitted as an issue to the jury. On the hearing of the motion and the production and reading of the transcript of the record in the prior suit between the same parties (reversed), the court declined to set aside the judgment, and the defendant appealed.

*Mr. John Manning,* for plaintiff.
*Messrs. Edwards & Batchelor,* for defendant.

SMITH, C. J., after stating the case. The case shows that the proposition to refer came from the defendant, as well as the preliminary trial of the defence arising upon the estoppel of record, and that thereupon, without demand of a jury from either party, the court proceeded to try the question on its legal sufficiency as a bar, and after argument from the counsel of each party, rendered a decision against the defendant. Nor does it appear that any objection was made to the assumption of the jurisdiction now the subject of complaint, before, during or after the rendition of the judgment during the term. The appeal of which notice was given, so far as the record discloses, did not spring from any supposed irregularity in the proceeding, nor the exercise of jurisdiction, but from an alleged error in the decision of the question of law involved. Under these circumstances his Honor properly declined to grant the motion to vacate and annul the former judgment.

The point in controversy, required to be disposed of upon a reference, is called to the attention of the judge by the defendant's counsel, and of which, without demand of a jury trial, he at once took judicial cognizance, was, as to the legal sufficiency of the record of the prior action to defeat a recovery, a question of law arising out of the pleadings and to be determined by an inspection of the record. If the acquiescence in the action of the judge does not take away the grounds of the exception now pressed, it is manifest, if an issue had been submitted to the jury, their verdict would be under an instruction from the judge as to the legal effect of the transcript as evidence to sustain the defence since none *dehors* was required. Why then should a jury be empannelled to pass upon an issue involving solely a matter of law in which it would be the duty of the judge to give them directions determining the verdict? And why may not the parties, as in the present case was done, submit the sufficiency in law of the transcript to the direct decision of the judge who in an issue submitted to the jury must pass upon the question in the form of an instruction for their guidance? We see no just objection there can be to this method of obtaining the opinion and ruling of the court, upon a simple legal proposition growing out of undisputed facts. It is certainly competent to the parties to pursue this course, and the judgment whether erroneous or not is liable to no imputation of irregularity when fully acquiesced in at the time by all.

We have not inquired whether an estoppel does arise upon the face of the record, for no proof is needed in its aid, and simply suggest whether the determination of issues in a cause originating before a justice who has no jurisdiction "where the title to real estate comes in controversy" (as has not the appellate court in trying the cause) can be effectual in concluding a party as to the title to the recovered land, in another suit where such jurisdiction does exist. We re-

fer on the subject to the notes to the *Duchess of Kingston's* case in 2 Smith's Leading Cases, 424, and to *Yates* v. *Yates,* 81 N. C., 397, and the cases therein cited. Abbott's Trial Evi., 826.

There is no error. This will be certified that the cause may proceed in the court below.

No error.                                              Affirmed.