JOHN DAVIS v. ALBERT HIGGINS.

*Ejectment—New Trial.*

Where, in ejectment, a *venire de novo* was awarded below because the jury were misled by the instruction " that although the plaintiff at the trial disclaimed title to a part of the land in dispute, the jury might render a general verdict, and the plaintiff would take out his writ of possession at his peril "; *Held* that the new trial was properly awarded.

(*Johnson* v. *Nevill*, 65 N. C., 677; *Falls* v. *Gamble*, 66 N. C., 455; *Isler* v. *Harrison*, 71 N. C., 64; *Gay* v. *Stancell*, 76 N. C., 369; *Yates* v. *Yates*, 81 N. C., 397; *Tuttle* v. *Harrill*, 85 N. C., 456, cited and approved.)

EJECTMENT tried at Spring Term, 1882, of RUTHERFORD Superior Court, before *Gudger, J.*

The complaint asserts and the answer denies that the

DAVIS *v.* HIGGINS.

plaintiff is owner in fee, and entitled to the possession of the land described and withheld by the defendant; and thereupon an issue was submitted to the jury, with an inquiry of damages dependent upon the finding, in these words:

Is plaintiff the owner and entitled to the possession of the land mentioned in the complaint?

In the argument on the trial, the plaintiff's counsel disclaimed any right to recover a part of the land, containing twenty acres. After instructions the jury retired to consider their verdict, and subsequently came into court again, and inquired of the judge if they could return a verdict for the whole tract, or for a part, to which the court responded and informed them that if their verdict was for the plaintiff, it might be general or special, setting out therein what part of the land belonged to plaintiff, and if defendant was in possession of any part of plaintiff's land, he would be entitled to recover; and "would take out his writ of possession at his peril, if their verdict was for the plaintiff without further qualification." The jury then responded in the affirmative to the issue, and that no damages had been sustained.

After the rendition of the verdict, the court being of opinion that the instruction given as to the effect of a general verdict was erroneous and misleading, directed the verdict to be set aside and awarded a *venire de novo*, and from this order the plaintiff appealed.

*Mr. J. B. Batchelor*, for plaintiff.
*Messrs. P. J. Sinclair* and *Hoke & Hoke*, for defendant.

SMITH, C. J.   We concur in the action of the court in awarding a new trial, and the sufficiency of the reasons for so doing.   Although some doubt was expressed upon the point by RODMAN, J., in *Johnson* v. *Nevill*, 65 N. C., 677, an

early decision made after the introduction of the new system of pleading under the Code, it has been since settled that a matter put in issue and material to the result is conclusively determined by the verdict and judgment, where land is sought to be recovered, as it would be if the recovery of personal property was the object.   Here, both the pleadings and the issue involve the determination of the title and consequent right of possession in the plaintiff, and this is distinctly and definitely decided in the verdict.   It could not therefore be drawn in question between the parties again by the defendant, and becomes *res adjudicata* of record.

We refer to some of the many adjudications of this court —*Falls* v. *Gamble,* 66 N. C., 455 ; *Isler* v. *Harrison,* 71 N. C., 64; *Gay* v. *Stancell,* 76 N. C., 369 ; *Yates* v. *Yates,* 81 N. C., 397 ; *Tuttle* v. *Harrill,* 85 N. C., 456.

No error.                                Affirmed.