R. D. JOHNSON and others v. GEORGE D. PATE.

*Ejectment, verdict and judgment conclusive—Pleading—Estoppel*
*—Judgment upon Demurrer.*

1. In ejectment, as well as in an action to recover personal property, the verdict and judgment conclusively determine the matter in issue between the parties.

2. Where plaintiff in ejectment claims under a mortgagee's sale, and also by reason of an estoppel arising out of a judgment against the defendant in a former action, involving the title to the same land; *Held,* that a *general* denial of plaintiff's ownership does not controvert the existence of the record of said judgment.

3. A judgment rendered upon demurrer is as conclusive, by way of estoppel, as a verdict finding the facts confessed would have been.

(*Davis* v. *Higgins,* 87 N. C., 298; *Hartley* v. *Houston,* 65 N. C., 137; *Kitchen* v. *Wilson,* 80 N. C., 191, cited and approved).

EJECTMENT tried at Spring Term, 1883, of CRAVEN Superior Court, before *Philips, J.*

The defendant appealed.

*Mr. W. W. Clark*, for plaintiffs.
*Messrs. Walter Clark* and *Strong & Smedes*, for defendant.

SMITH, C. J. The plaintiff sets up title to the land, the possession of which he seeks to recover, by virtue of a sale and conveyance from the mortgagee acting under the authority of the deed of a former owner, and also by reason of an estoppel arising out of a judgment recovered by him against the defendant in a former action, involving the title to the same land, a copy of the proceedings in which is annexed to the complaint.

The defendant in general terms denies the plaintiffs' asserted ownership, and avers that he "has no knowledge or information sufficient to form a belief" as to "the allegations of the said first article of the complaint, alleging title and reciting the muniments thereof," but does not deny the record or the accuracy of the copy set out in the complaint. As this is not a specific denial of the material averment of the fact that there is such a record, as required under our present system of pleading (THE CODE, §243), we are disposed to construe the language employed in the answer, as have the counsel of both parties in the argument before us, as not controverting the existence of the record, but the legal consequences deducible from it, and that these only are put in issue by the plaintiffs' demurrer to the answer, sustained in the judgment of the court below.

The only enquiry then, assuming the proceedings to have been had and concluded in the former action, as shown in the record, is, as to their legal effect in determining the plaintiffs' title, there being no suggestion that the defendant has acquired any since, or that the relations of the parties to the land have been in any manner changed.

1. The rule is well settled that a demurrer to the merits of a

complaint or other pleading overruled and followed by a final judgment, is decisive of all the material facts charged and of the rights dependent upon them.

"A judgment upon demurrer," says Mr. FREEMAN in his work on Judgments, section 267, "may be a judgment upon the merits. If so, its effect is as conclusive as though the facts set forth in the complaint were admitted by the parties or established by evidence submitted to the jury. No subsequent action can be maintained by the plaintiff if the judgment be against him on the same facts stated in the former complaint."

"A judgment rendered upon a demurrer," in the language of the court in *Mispel* v. *Laparte*, 74 Ill., 306, " is equally conclusive (by way of estoppel) of the facts confessed by the demurrer as a verdict finding the same facts would have been, since they are established, as well in the former case as in the other ; and facts thus established can never afterwards be contested between the same parties or those in privity with them.

A general demurrer confesses all matters of fact well pleaded. Mansel. Demr., 94 ; 24 Law Lib., 63 ; Big. Est., 33 ; Gould on Plead., §§43, 44 ; *Wilson* v. *Perry*, 24 Ind., 156.

2. Such being the general rule of pleading, we are next to enquire into the effect of the present record upon the title to the land as between the same contesting parties.

We are relieved from the necessity of considering the point by a recent decision, overlooked among the references furnished by the appellant's counsel, and we quote a part of the opinion in *Davis* v. *Higgins*, 87 N. C., 298 :

"Although some doubt was expressed upon the point by ROD-MAN, J., in *Johnson* v. *Nevill*" (an erroneous citation intended for *Harkey* v. *Houston*, 65 N. C., 137), "an early decision made after the introduction of. the new system of pleading under the Code (C. C. P.), it has been since settled that a matter put in issue and material to the result, is conclusively determined by the verdict and judgment, *where land is sought to be recovered,* as it would be if the recovery of personal property were the

object. Here, both the pleadings and the issue involve the determination of the title and consequent right of possession in the plaintiff, and this is *distinctly and definitely decided in the verdict.*

The remark made in the opinion in *Kitchen* v. *Wilson*, 80 N. C., 191, assimilating that action to the former superseded action of ejectment, as to the proof required in order to a recovery of possession, had no reference whatever to the effect of a verdict finding affirmative facts in issue as *res adjudicata* between the same parties.

Recurring to the complaint in the former case, it asserts positively a title vesting in the plaintiff in these lands and a consequent right to have possession. These averments the demurrer admits, and the effect is the same as if they had been controverted and found upon issues passed upon by a jury. The judgment could only be for the recovery of possession and damages upon a verdict putting title in the plaintiff.

It must be declared there is no error, and the judgment is affirmed, but the cause may be remanded for an enquiry into the plaintiff's damages if he shall so elect; and if not, final judgment will be entered here.

No error. Affirmed.