M. R. TURNAGE v. JACOB JOYNER.

(Filed 17 September, 1907).

**Judgment—Estoppel—Lands.**

> A judgment by default final upon a complaint alleging that the plaintiff was the "owner in fee simple" of certain described lands, that they were withheld by the defendant, and asking to recover the possession, puts the title to the lands in issue, and operates as an estoppel in a subsequent action by the same defendant against the same plaintiff in an action to recover the lands.

CIVIL ACTION, tried before *Neal, J.,* at March Term, 1907, of the Superior Court of PITT County.

*L. I. Moore* for plaintiff.
*Jarvis & Blow* and *Skinner & Whedbee* for defendant.

CLARK, C. J.   W. G. Land, mortgagee, sold the land now in controversy under a power of sale in a mortgage executed to him by M. R. Turnage and wife, plaintiffs herein.   It was duly advertised and sold. ` The regularity of the proceedings is not questioned.   J. A. Lang was purchaser of the land at said sale, 8 February, 1897.   Soon thereafter J. A. Lang brought an action against Turnage and wife to recover said land, and in his complaint alleged that he was "the owner in fee simple" of the land (describing it); that Turnage and wife held possession; asking judgment to recover it and damages for the detention.   The defendant filed no answer, and judgment by default final was entered at March Term, 1897, of the Superior Court for that county, and the writ of possession issued under which J. A. Lang was put in possession 19 April, 1897.   J. A. Lang conveyed to W. G. Lang 23 March, 1897, and the land has been in his possession, or in the defendant's, claiming under him, ever since.

This action was begun 28 January, 1905, the plaintiff averring that J. A. Lang bought at the mortgage sale as agent for his father, the mortgagee, claiming that hence the sale was void, and asking that the defendants be decreed trustees of the plaintiffs, and for an account of rents and profits.   The answer denies that J. A. Lang bought as agent for his father, and sets up as further defense the judgment between J. A. Lang and the defendants at March Term, 1897, as an estoppel; that the claim is furthermore a stale claim, by reason of the delay for nearly eight years to assert it, and also pleaded the seven years statute of limitations.   At the close of the evidence the Court intimated an opinion that the plaintiffs were estopped and could not recover, whereupon they took a nonsuit and appealed.

In the former proceeding of ejectment the judgment determined only the possession, and did not prevent another action if it went against the plaintiff, for it did not pass upon the title.   Under the present system a judgment in an action for

the recovery of land is conclusive of "all matters presented by the pleadings, or which may be properly predicated upon them." *Tyler v. Capehart,* 125 N. C., 64.

The complaint in the former action between these parties at March Term of the Superior Court alleged that the plaintiff therein, J. A. Lang, was the "owner in fee simple" of the premises; that they were withheld by the defendant, and asked to recover possession. This put the title in issue. Certainly J. A. Lang was not seeking to recover possession as mortgagee, for he was not mortgagee, but was asserting his title as purchaser. The judgment by default final was as conclusive of his allegation of ownership in fee as if there had been an issue framed and the fact found by a jury thereon. It was held in *Johnson v. Pate,* 90 N. C., 334, that a "judgment rendered upon demurrer is as conclusive, by way of estoppel, as a verdict finding the facts confessed would have been." That case also holds that, in an action to recover realty, if title is averred, the judgment is as conclusive thereof as if it were an action for personal property. To the same purport are many other cases. *Davis v. Higgins,* 87 N. C., 298; *Cowles v. Ferguson,* 90 N. C., 313; *Bickett v. Nash,* 101 N. C., 583; *Allen v. Salinger,* 103 N. C., 14; *Falls v. Gamble,* 66 N. C., 462. This last case holds that, if, under the present system, the plaintiff does not wish the judgment to be conclusive of the title, he must restrict his allegations to a right to the possession. *Falls v. Gamble* is cited with approval. *Isler v. Harrison,* 71 N. C., 64; *Yates v. Yates,* 81 N. C., 401.

In *Tuttle v. Harrill,* 85 N. C., 461, *Ruffin, J.,* says, speaking of the estoppel by judgment there pleaded: "That was an action at law, it is true, being for the possession of the land upon the strict legal title of the then plaintiff (now defendant). Still, constituted as our courts now are, it was open to the defendant in the action to set up any equitable defenses he might have, and, if able to show a perfect equita-

ble right in himself (such as he seeks to assert in his present action) to defeat a recovery upon the legal title of the plaintiff, it was his folly not to have asserted this claim, and he must be concluded by the judgment rendered in the cause." That case is exactly "on all fours" with this. It has been cited and approved on this point. *Davis v. Higgins,* 87 N. C., 300; *Anderson v. Rainey,* 100 N. C., 337; *Manufacturing Co. v. Moore,* 144 N. C., 527. In effect, it practically overrules what was said by the same learned Judge in *Wittkowski v. Watkins,* 84 N. C., 456, but it is in accord, as above shown, with the other rulings of this Court, which are reaffirmed by us.

It is not necessary to pass upon the other two defenses set up, but we are inclined to think they are both valid. Even if the purchase had been by J. A. Lang as agent for the mortgagee in point of fact, though nominally for himself, such purchase was not void, but merely voidable, and the conduct of plaintiffs in leaving the country, asserting no claim or right for eight years, until lands rose in value, would seem an abandonment of claim. There are certainly no surrounding circumstances, such as nonage, intimidation, oppression and the like, which should induce a court of equity to overlook the lapse of time. Nor are we prepared to say that the lapse of seven years after the ouster by judgment and an adversary holding thereunder, and under the subsequent deed of J. A. Lang to W. G. Lang, is not full protection. The decree and deed are both color of title, certainly, and the holding was adverse from the execution of the writ of possession in April, 1897. However, it is not necessary to pass upon either of these points, and we are not to be understood as doing so.

We hold that the Judge properly decided that the former judgment between these parties was an estoppel as to the land in controversy in this action.

Affirmed.