HeNdersoN, Chief-Justice.
 

 An executor or administrator is not estopped by Ms inventory. It affords strong evidence against him, but he is not concluded, and may show the truth. Estoppels are not to befavored ; . . n 2, ■ „ particularly those arising irom the mere acts of: the party, where the fact admitted requires skill and judgment to determine on; as who has title. ,s.n such cases, it is a mere conclusion of law, in which any person, and more particularly a layman, may be deceived. There is no estoppel upon a tenant or bailee, longer than the tenancy or bailment continues. If it was an estoppel, it would continue after the premises or property had been surrendered up, which was never even contended. The rule under which this case falls, if it falls under any of fhe kind, that a tenant or bailee, after the determination ? ' , of his interest, is hound to surrender up the property, is founded on high grounds of morality and good faith, and at all times ought rigidly to be adhered to, Where eireumstances require its application, That the tenant should not hold for himself, or even for another, whose rights it is not Ms peculiar duty to guard and protect, certainly falls witliin the rule $ nor should he seek a relation or .connexion with another, the necesssary ef
 
 *42
 
 fect 0f which would be to make it his duty to guard and pro-^ect ^at property against his landlord or bailor* It would seem as if the relation was sought with that Anew only- But neither policy nor morals require, that the should be extended to cases, Avhere an office or authority, involving various other duties, is conferred on him by law, even Avith his own consent. P or then the presumption is weak, that the office ivas sought or obtained with an intent injurious to the rights of the bailor. As in ^16 present case, where there are so many good motives to \vhich to ascribe the act, it is uncharitable to ascribe ^ to a bad one. If the rule was founded solely on the rights of the landlord or bailor, and not also as a pu-nishmént to the immorality of the tenant or bailee, it would put an end to the doctrine of remitter, to which ^.g qeaxs some-analogy. I do not concur with the defendant’s counsel, that the special administrator is not the bailee of the general administrator, because the general administrator ivas not in being, Avliilst he was the special administrator, for that the latter ceased before the other commenced. For in spirit he received the property, to hold during the contest, and Avas bound, if it belonged to the estate, absolutely to deliver it to the general administrator. Nor could he retain possession against the general administrator, under a claim for himself, or a mere stranger. But if an office is conferred on him by law, to which the title to the bailed property is attached, he may then retain
 
 possession;
 
 for this is no breach of faith ; at least from a bad or selfish motive. Even if he seeks an office, such as the present, where various other duties are imposed, it shall not be presumed, that he sought it as a pretext for not restoring the property. If it is the property of his ward, he ought to have possession of it; and to retain that possession is in law no breach of faith.
 

 But if, possession under bailee is by act with1 an Vofíice the duties of’ bim^to ^dispute the title of his netted icTthe^-tie thus acquir-'vithout a breach of faith, retain the possession.
 

 Per Curiam. — Judgment aeeirmed*