Battle, J.
 

 This cause was argued before us at the last
 
 *217
 
 Morganton term, by counsel on both sides, and we then gave to it all tlie consideration wbicli tbe limited library there enabled us to do. For the purpose of further research into the authorities upon the interesting question which the case involves, we adjourned it to the present term, and the investigation which Ave have here been able to make, has satisfied us, that the rule of damages laid doArnby the presiding Judge in the Court beloAv, cannot be sustained upon principle, and is opposed by the most approved adjudications.
 

 That eminent laAvyer, Lord Chief Baron Comyn, in his great Avork, the Digest of the laws of England, says, “ the general rule in personal actions is, that damages are allowed only to the time of the action commenced.” 3. Com. Dig. Tit. Damages D. p. 318. Thus, in
 
 Hambleton
 
 v.
 
 Veere,
 
 2 Saund. Rep. 169, which Avas an action on the case Avliere the plaintiff declared against the defendant for procuring his apprentice to depart from his service, and for the loss of his service for the whole residue of the term of his apprenticeship, and the jury assessed damages generally, judgment Avas arrested ; because it appeared that the term Aras not expired at the commencement of the suit; and the Court said expressly, “ he ought to have recovered damages for the loss of services until the exhibiting the bill, and no more.” So, in
 
 Ward
 
 v. Rich, Vent. Rep. 103, (to be found also in Y Vin. Abr. 298, pi. 25,) Ward brought an action
 
 de uoeore
 
 cibducla, and keeping her from him until such a day, Avliich Avas some time after the ■ exhibiting the bill. After Arerdict for the plaintiff, judgment Avas arrested; because the jury may haA’U giATen damages for the Avhole time laid in the declaration. Again, in
 
 Walter
 
 v. Warren, 10 Modern Rep. 273, an action Aras brought by a husband for taking his wife aAvay and raA’ishing her,
 
 per guod consortium comisit
 
 for one year; and after a verdict and general damages, inasmuch as the year had not expired at the time of the verdict, and as the jury might have given damages to the time of the verdict, the Court would not render a judgment for the plaintiff. The rule of damages adopted in these cases, only followed AA'hat had been laid
 
 *218
 
 down long before in
 
 Robert Pifold’s
 
 ease, 10 Coke’s Rep. 115, to wit: that the plaintiff in all personal actions, except perhaps the action of account, is entitled to recover damages only for the wrong done before the writ was brought, and shall not recover for any done pending the writ. In accordance with this, is the well-known doctrine, that in an action _on the case for nuisance in erecting a mill-dam, and thereby overflowing the plaintiff’s land, ho can recover damages only up to the time of issuing his writ; but that ho may sue from time to time for the continuance of the nuisance.
 
 Caruthers
 
 v. Tilman, 1 Hayw. Rep. 501;
 
 Bradley
 
 v. Amis, 2 Hayw. Rep. 399. This, being very oppressive upon mill-owners in this State, caused the passage of the Act of 1809, (Rev. Code, ch. 71, sec. 8,
 
 et seq.,)
 
 which made very material alterations in their favor. See
 
 Mumford
 
 v. Terry, 2 Car. Law Repos. 425. But the necessity for the alteration shows the strength of the original rule. Indeed, so rigidly was it adhered to in England, as to the time to which damages should be carried down, that, until the case of
 
 Robinson
 
 v. Bland, 2 Burr. Rep. 1077, interest on money in the action of assumpsit, was not computed beyond the commencement of the action.
 

 There is another class of cases, some of which were cited by the plaintiff’s counsel, and upon which they rely with much confidence for the support of their action. An examination of these cases will show under what circumstances, prospective damages, as they have been called, may be given, and will serve to mark out the true line of distinction between them and those to which wo have already adverted.
 
 Fetter
 
 v. Beale, reported in 1 Ld. Raym. 339, 692, and also 1 Salk. 11, was an action of trespass, in which plaintiff declared for a battery, alleging that he had previously brought an action for it against the defendant, and recovered £11, and no more; and that afterwards part of his scull, by reason of said battery, came out of his head, and for this subsequent damage, the suit was brought. The defendant pleaded the former recovery in bar, to which plaintiff demurred, and his counsel argued “ that if a consequence will take away an action, for
 
 *219
 
 the same reason it will give an action.” But judgment was given for the defendant, the whole Court being of opinion,
 
 “
 
 that the jury in the former action considered the nature of the wound, and gave damages for all the damage it had done the plaintiff.” The case being moved again, Lord Holt, C. J., said,
 
 “
 
 if this matter had been given in evidence, as that which, in all probability, might have been the consequence of the battery, the plaintiff would have recovered damages for it. The injury which is the foundation of the action is the battery, and the greatness or consequence of that, is only in aggravation of damages.” So, where the defendant was employed as an attorney to investigate securities on which a loan was to be made, and it was alleged that ho had neglected to use proper care, and that the securities had proved defective, but that the insufficiency was not discovered until more than six years after the defendant had been guilty of the neglect, it was insisted, that the statute of limitations which was pleaded, ran, not from the time when the insufficient security was taken, but from the time when the special damage alleged in the declaration occurred. But the statute was held a good bar, and IIolbotd, L, said,
 
 “
 
 if the action hacl been brought immediately after the insufficient security was taken,. the jury would have been bound to give damages for the probable loss which the plaintiff was likely to sustain from the invalidity of the security.”
 
 Howell
 
 v.
 
 Young, 5
 
 Barn, and Cress. 259, (11 Eng. C. L. Rep. 219.) A similar decision was made by the Supreme Court of the United States, in the analogous case of
 
 Wilcox
 
 v. Plummer, 4 Peters’ Rep. 172. Similar in principle, as to the rule of damages, is the case of
 
 Whitney
 
 v. Clarendon, 18 Verm. Rep. 252, where it was held that a recovery in an action of trespass on the case, brought by the father to recover damages sustained by himself, in consequence of personal injuries to his son, was a bar to his second action by the father, to recover for damages sustained in consequence of the same injury; notwithstanding the recovery in the first action was limited to damages which accrued prior to the commencement of the suit, and the second action
 
 *220
 
 was brought expressly to recover for loss of service, and other damages sustained subsequent to that time. Upon the same principle must be put the case of
 
 Hodsoll
 
 v. Stallebrass, 9 Carr. and Payne, 63, (38 Eng. C. L. Rep. 35) S. C. in 11 Adol. and Ell. 301, (39 Eng. C. L. Rep. 91.) That was an action on the case, brought by the plaintiff to recover for the loss which he had sustained by reason of an injury inflicted upon his apprentice by the bite of the defendant’s dog. The declaration stated the injury to be
 
 permanent,
 
 and assigned the damages specially, that the apprentice was enfeebled and hurt, and would never again be capable of working at his trade, and that he was obliged to support him during the remainder of his apprenticeship. Lord Denman, C. J., before whom the causé was tried, thought that, under
 
 that declaration,
 
 the plaintiff might recover for the whole damages sustained, as for a
 
 permanent
 
 injury; and the Court of King’s Dench refused to set aside the verdict of the jury, which assessed the damages for a
 
 permanent
 
 injury.
 

 "We are now prepared to see and point out the distinction between the two classes of cases upon which we have been commenting. It is clearly stated by Lord Mansfield in the case of
 
 Robinson
 
 v.
 
 Bland,
 
 cited above,
 
 “
 
 when a
 
 new
 
 action
 
 may
 
 be
 
 brought
 
 and a
 
 satisfaction obtained
 
 thereupon, for any duties or demands which have arisen since the commencement of the depending suit, that duty or demand shall not be included in the judgment upon the former action. As in covenant for non-payment of rent, or of an annuity payable at different
 
 times, yon
 
 may
 
 bring
 
 a new
 
 action toties quoties, as
 
 often as the respective sums become due and payable, so, in
 
 trespass
 
 and in
 
 tort,
 
 new actions may be brought as often as new injuries and wrongs are repeated; and, therefore, damages shall bo assessed only up to the time of the wrong complained of. But where a man brings an action of assumpsit for principal and interest, upon a contract obliging the defendant to pay such principal money, with interest from such a time, he complains of the non-payment of both, the interest is an accessory to the principal, and ho cannot bring a new
 
 *221
 
 action for any interest grown due
 
 between
 
 the commencement of his action, and the judgment in it.” What is here so well said about the interest being the accessory to the principal money, and therefore recoverable down to the time of the trial, applies with equal force to the case of
 
 trespass
 
 and
 
 tort,
 
 where the wrong done is not repeated, or continued, though the damage resulting from it may not cease being developed until after the time when the writ was issued. In the latter case, tlie plaintiff is not limited solely to the consequential damage which has actually occurred up to the trial of the cause, but he may go on to claim relief for the prospective damage which can then be estimated as reasonably certain to occur. See 2 Williams’ Saund. 171, note 1; Sedgwick on Damages 102,
 
 et seq.
 

 This brings us to the consideration of the case of
 
 McKay
 
 v. Bryson, decided in this Court, and reported in 5 Ire. Rep. 216, which may seem, at first view, to militate against the distinction by which we have endeavored to reconcile the decisions which have been made upon the subject of prospective damages. It was an action on the case, brought to recover damages for enticing the plaintiff’s apprentice from his service,
 
 and conveying Mm out of tlie State.
 
 The testimony showed that the boy was bound apprentice to learn the business of a tailor, and that he continued in the service of his master until he was carried away by the defendant; and when last heard from he was in Tennessee. The suit was brought some time before the expiration of the term of service, and the jury were instructed that they might give damages as for a total loss of service during the whole period of apprenticeship, subject to a deduction, on account of the plaintiff’s chance of regaining the boy. The charge given to the jury in the Court below was approved in this Court,.upon the
 
 a/wthority
 
 of the case of
 
 Hodsoll
 
 v. Stallebrass, above referred to. No other case appears to have been cited, and the Court do not advert to the fact that, in
 
 Hodsoll
 
 v. Stallebrass, the injury from which the loss accrued to the plaintiff, was a
 
 single act of wrong;
 
 but they do advert to, and state the fact, that the loss caused by the
 
 *222
 
 tort of the defendant was, in effect, a total loss of the plaintiff’s apprentice. The only wrong alleged in the declaration, or proved on the trial, was that of carrying the apprentice beyond the limits of the State, which caused a
 
 total loss
 
 of his services to his master. In this view, the case may well be sustained, upon the principle applicable to the second class of cases to which we have referred. That the removal of the apprentice out of the State may be regarded in the same light as if a permanent injury had been inflicted upon him, we have the strong analogy of the case of trover by one tenant in common against another, for the destruction
 
 of
 
 the article held in common. If the article be sent off by the defendant to a place unknown to the plaintiff, so that, as to him, it is totally lost, it is equivalent to its destruction,
 
 Lucas
 
 v.
 
 Wasson,
 
 3 Dev. Rep. 398. The circumstances of the present case are very different from those of
 
 McKay
 
 v.
 
 Bryson.
 
 The apprentices were carried by the defendant to his residence in an adjoining County, only twenty-five miles distant
 
 from the
 
 plaintiff. They were not concealed from him; and it appears from the proof, that he knew where they were. The continued detention of them by the defendant was a
 
 succession of torts
 
 for which he might bring new actions from time to time; and hence his case falls into the class with
 
 Hambleton
 
 v.
 
 Veere,
 
 and all those in which damages can be given for the loss of service up to the commencement of the suit only. This ride was violated by the charge of the Judge in the Court below, and there must be a
 
 venwe de novo.
 

 Per Curiam.
 

 Venire de novo.