## Thomas W. Brown et al. v. Eleanor Lake.

In an action to recover damages for unlawfully breaking and entering the dwelling house of the plaintiff and removing the roof therefrom, whereby the property and family of the plaintiff were exposed to the inclemency of the weather, and the plaintiff became sick. *Held*: That if the plaintiff fails to prove the trespass, no recovery can be had on account of any of the alleged consequential damages.

Motion for leave to file a petition in error to reverse the judgment of the District Court of Ross county.

This was an action by the defendant in error to recover damages of the plaintiffs in error for unlawfully, maliciously, and forcibly breaking and entering the close and dwelling house of the defendant in error, which was then in her possession, in which she and her family then resided, and which she held and owned in her own right and as her separate property, and removing the roof from the dwelling house with intent to injure her and her family, and to expose them and her goods and property to the inclemency of the weather; by reason whereof they were so exposed for a period of four weeks, and she became sick and suffered great pain of body and mind, and was unable to perform labor for the support of herself and family.

The answer specifically denies the allegations of the peti-

Brown et al. *v.* Lake.

tion. On the issue thus made the cause was submitted to a jury, and after the evidence was closed the court, among other things, as appears from a bill of exceptious allowed at the hearing, instructed the jury, that, under the evidence in the case, the plaintiff could not recover for the alleged trespass to the real estate in question, nor for the alleged injury to the personal property named in the petition ; and thereupon the defendants requested the court to further instruct the jury : " If it be found that the defendants are not guilty of the trespass to the real estate, then the plaintiff can not recover for the alleged injuries to her person or health," which the court refused to give ; but in lieu thereof instructed the jury : " If, in their judgment, the evidence justifies it, she may recover for the alleged injury to her person or health," to which the defendants excepted. The jury returned a verdict in favor of the plaintiff, and a motion filed by the defendants to set it aside and for a new trial having been overruled, and the ruling excepted to, judgment was entered on the verdict.

On a petition in error filed by the defendants in the district court to reverse the judgment of the court of common pleas the same was affirmed, and the judgment of affirmance excepted to, and hence this motion.

*McClintick, Smith & Guthrie*, for the motion, claimed the law to be that if the plaintiff in a case like the present fail to prove the principal trespass, the breaking and entering the house or close, he can not recover as to the matters of special damage alleged. 2 Starkie on Ev. (5 Am. ed.) 813; Sedgwick on Damages (3 ed.) 139 ; 2 Greenl. on Ev. 278, sec. 273, and cases there cited ; *Wilcox* v. *McCoy*, 21 Ohio St. 655.

*Vanmeter & Thockmorton*, contra, cited : *Wright's Bank* v. *Hooker*, 10 N. Y. 51 ; *Conaughty* v. *Nichols & Vanzandt*, 42 N. Y. 83 ; *Wright* v. *Chandler*, 4 Bibb. 422 ; 2 Water-

man on Trespass, 521, sec. 1068; *Ropps* v. *Barker*, 4 Pick. 239; *Woodward* v. *Walton*, 2 New. 476.

RBX, J. The only question presented for determination in this case is: Is the defendant in error, under the cause of action stated in her petition, entitled to recover for injuries alleged to have been sustained to her person and health by reason of an unlawful entry by the plaintiffs in error into her dwelling house and removing the roof therefrom, she having at the trial of the case failed to establish the unlawful entry and removal of the roof.

The petition contains a single cause of action, the gist of which is the unlawful entry and the removal of the roof, and the circumstances of special injury alleged to have resulted therefrom are merely laid in aggravation of the damages sought to be recovered on account of the trespass. *Wilcox* v. *McCoy*, 21 Ohio St. 655.

In such cases, if the plaintiff fails to establish the principal trespass, no recovery can be had on account of any of the circumstances of special injury resulting therefrom. This proposition is fully sustained by the following authorities; *Bennett* v. *Alcott*, 2 T. R. 166; *Taylor* v. *Cole*, 3 Id. 292; *Ropps* v. *Barker*, 4 Pick. 239; 2 Stark. Ev. (7 Am. ed.) 1114; 2 Greenl. Ev., sec. 273.

The injury to the person and health of the defendant in error, for which, under the charge of the court, a recovery was undoubtedly had, the trespass not having been established by the evidence in the case, is stated in the petition as a consequence of the trespass, and not as a ground of recovery independent of the breaking and entering of the dwelling house and removing the roof therefrom, and how, upon principle, the charge of the court in this respect can be sustained is not readily perceived, nor is it perceived how, under the present code system of pleading, alleged consequential damages can be stated as an independent ground for the recovery of damages without also stating the act of which the alleged damage was the consequence.

It is insisted, however, that under the statement of the

cause of action in the petition in this case a recovery may be had for the injury to the person and health of the plaintiff below, in support of which authorities are cited, as follows : *Wright* v. *Hooker*, 10 N. Y. 51 ; *Conaughty* v. *Nichols et al.*, 42 Id. 831 ; *Wright* v. *Chandler*, 4 Bibb. 422 ; *Church* v. *Meeker*, 34 Conn. 421 ; *Wheeler* v. *Walton*, 2 New. 476.

In *Wright* v. *Hooker*, the action was brought against Isaacs and Hooker to recover the amount of a bill of exchange drawn by Isaacs & Co. on Hooker, payable to the order of the drawers. The bill was indorsed by the payees and discounted by the plaintiff. Isaacs & Co. received the avails, with which they purchased corn on account of the partnership then existing between Isaacs & Co. and Hooker, which was forwarded to, received, and sold by Hooker, who refused, however, to accept the bill. The petition contained special counts stating these facts, but not directly charging Hooker as a drawer of the bill, and also counts for money lent by the plaintiff to the defendants. Hooker alone defended. The circuit court, on the trial of the case, held that Hooker was liable as drawer on the bill, and gave judgment for the plaintiff for the amount of it. The supreme court at general term affirmed the judgment, but held that the circuit judge erred in the ground on which the judgment was based, but that the defendant was liable for money lent. The court of appeals affirmed this judgment, holding that under the code of procedure it was sufficient if the facts stated in the complaint warranted the judgment, although the grounds upon which the judgment was rendered were other than those evidently contemplated by the pleader.

In *Conaughty* v. *Nichols et al.*, the plaintiff alleged in his complaint, and proved at the trial, that at certain times stated he consigned to the defendants, who were commission merchants, certain farm products, to be sold by them, and the proceeds to be remitted to the plaintiff; that the defendants received and sold the products, realizing therefrom a certain sum, of which, after deducting all expenses, there was due to the plaintiff a certain sum, which he de-

manded of the defendants, who omitted and refused to pay
the same to the plaintiff, and have converted the same to
their own use, to the damage, etc.   It was held by the court
that a complaint containing a statement of facts constitut-
ing a cause of action on contracts, sustained by proof of
such facts on the trial, authorizes a recovery although the
complaint is in form for a conversion and the summons in
the action is for relief.

*Wright* v. *Chandler*, was an action of trespass to recover
damages of the defendant for entering the plaintiff's close,
breaking and entering the door of his mill house, and seiz-
ing and dragging him out of the mill house, and beating
and wounding him, etc.   The court held that the personal
injury charged in the declaration is not a mere appendage
of the plaintiff's right of action for the entry of the mill,
but of itself forms a perfect substantive cause of action;
and although the defendant may have been justified in
making the entry, that could not excuse the injury to the
person.

*Church* v. *Meeker*, was an action of trespass for entering
upon land on the shore of Long Island Sound and taking
and carrying sea-weed therefrom, in which the supreme
court of errors came to the conclusion on the facts found
by the superior court that the entry of the defendant was
lawful, and that the plaintiff was not the owner of the sea-
weed, and advised the superior court that the action could
not be maintained.

In *Woodward* v. *Walton*, the declaration contained two
counts, the first charging that the defendant with force and
arms broke and entered the plaintiff's house and assaulted
his daughter, and·the second that the defendant assaulted
the plaintiff's daughter, whereby the plaintiff was deprived
of her services, in which it was held: " That an action for
assaulting the plaintiff's daughter *per quod servitium amisit*,
is an action of trespass, and a count for that purpose may
be joined with a count for breaking and entering the
house."

The principles settled in these cases do not, it seems to

me, maintain the point made by the counsel for defendant in error, and are not in conflict with the principles settled by the authorities first above cited.

We are, therefore, of opinion, that the district court erred in affirming the judgment of the court of common pleas, and that the latter court erred in its instruction to the jury, excepted to by the plaintiffs in error.

The motion is granted, the judgments of both courts reversed, and the cause remanded.