H. T. FARMER v. S. V. PICKENS.

*Landlord and Tenant—Vendor and Vendee—Estoppel.*

1.  Where the plaintiff in an action to recover land  alleges a title in fee, it is competent for him to support such title, *as against the defendant in possession*, by proof of a renting by the latter from the plaintiff as the owner of the fee.

2.  The rule between lessor and lessee extends equally to one who takes or holds possession under a contract of purchase, and he is not permitted to controvert the title of him under whom he entered or by whose consent he has continued a possession.

3. Possession previous to a lease or purchase does not let in the party in possession to dispute the title under which he entered.

4. A defendant in possession of land is estopped to allege a sheriff's sale of the same by consent of the party under whom the defendant entered, and a conveyance to the defendant by the purchaser at such sale, without a prior surrender of the land by the defendant to the person under whom he entered.

(*Clarke* v. *Diggs,* 6 Ire., 159; *Hartzog* v. *Hubbard,* 2 Dev. & Bat. 241; *Lunsford* v. *Alexander,* 4 Dev. & Bat., 40; *Smart* v. *Smith,* 2 Dev. 258; *Barnett* v. *Roberts,* 4 Dev. 81; *Love* v. *Edmonson,* 1 Ired. 152, cited and approved.)

CIVIL ACTION to recover land tried at June Special Term, 1880, of HENDERSON Superior Court, before *Schenck, J.*

Judgment for plaintiff, appeal by defendant.

No counsel for plaintiff.
*Mr. J. H. Merrimon,* for defendant.

DILLARD, J.   The plaintiff sues to recover a house and lot, alleging a title in fee and present right of possession in himself, and an unlawful withholding of the possession by the defendant.   The defendant by his answer denies the alleged ownership in fee of the plaintiff, and admitting the possession to be in himself, alleges the same to be lawful.

On the trial an issue in this form, " Is the plaintiff entitled to the possession of the land in controversy," was submitted to the jury without objection by defendant, and on a response thereto in the affirmative, judgment was rendered for the plaintiff, and on the appeal therefrom by the defendant, errors are assigned for our review which will be considered in their order.

1. The plaintiff to establish a right of possession in himself offered in evidence an obligation of defendant dated 19th of March, 1868, wherein is recited, " that defendant for one dollar per month rented the house and lot until the 1st day

of January, 1869," and to the admission of this evidence the defendant objected on the ground of irrelevancy.

A title in fee which is one of the facts stated in the complaint as a constituent of the cause of action could be by a state-grant and mesne conveyance, actual or presumed, good against the world, or it could be on the mere claim of the fee without any deeds whatsoever, by any proof estopping the defendant from questioning the title claimed by the plaintiff. *Clarke* v. *Diggs*, 6 Ired., 159. A fee established in either mode would be attended with a right of possession, as against the defendant, and it was competent to the plaintiff to have proved the fee in himself by a chain of title from the state, or he might have stood on the claim of a fee as alleged in the complaint by proof of an estoppel on the defendant to make a question as to his title, without any violation of the rule, that the *allegata* and *probata* must agree. The allegation of a *title in fee* imported *such a title* actual and probable by deeds or *such* against defendant by *estoppel*, and the obligation of the defendant for rent had the legal effect to create the relation of landlord and tenant for 1868, and the possession having ever since continued without surrender, it then estopped the defendant, and still does, to dispute the title whatever it be, that is claimed by the landlord. And this amounts to proof for the purposes of this action of the title in fee as alleged in the complaint. We therefore hold that the obligation of the defendant to pay rent was relevant to the issue and was properly admitted as evidence to the jury.

2. The second exception of defendant was to the refusal of the court to allow defendant to show by plaintiff and the record of a suit in equity that he was in possession before the lease, and that the same was made to him by plaintiff as a receiver of the court and that his title as receiver expired in 1868.

Upon the exclusion of this proof, the defendant put in

evidence a bond for title executed by plaintiff to him, dated on the same day as the lease, declaring at the time, that it was done to show that his possession was lawful; and it will be proper to consider the same in connection with the exception to the rejection of the evidence offered to put the lease out of the way as an estoppel.

The title-bond recites a purchase of the house and lot described as having been made by plaintiff at sheriff's sale, for which he had not received a deed, and provides for occupancy by defendant for the year 1868, at a rent of a dollar per month, with a stipulation after that year for occupancy by defendant free of rent until the title should be made him, when he was to secure the purchase money by a mortgage on the property.

Viewing the lease in connection with the title-bond, the effect of the title-bond is to reiterate the relation of landlord and tenant between plaintiff and defendant as acknowledged in the lease for the year 1868, and to establish the new relation of vendor and vendee after that year, and whether the defendant be regarded as a lessee or a purchaser, in either case, the evidence was properly rejected. It is settled that a person accepting a lease from another is estopped during the continuance of the lease, and afterwards, until he surrenders the possession to his landlord, to dispute his title, being a rule founded on a principle of honesty which does not allow possession to be retained in violation of that faith on which it was obtained or continued. *Hartzog* v. *Hubbard,* 2 D. & B., 241 ; *Lunsford* v. *Alexander,* 4 D. & B., 40 ; *Smart* v. *Smith,* 2 Dev., 258 ; *Barnett* v. *Roberts,* 4 Dev., 81.

The rule between lessor and lessee extends equally to one who takes or holds possession under a contract of purchase, and he is not permitted to controvert the title of him under whom he entered or by whose consent he has continued a possession. *Love* v. *Edmonson,* 1 Ired., 152.

It is urged however by the defendant that the rule of estoppel as to a tenant or purchaser, does not apply to him by reason of the fact that he had a possession before the lease to him, and for the further reason, that as plaintiff has himself shown that he had no title, defendant cannot be estopped from insisting on the same defect and thereby defeat the action.

The subject of the effect of a possession previous to the acceptance of a lease, or contract of purchase, on the right to dispute the title thus acknowledged has been much discussed and differently ruled, some maintaining that the doctrine of estoppel does not apply, because the party in possession does not derive his possession from the other, while others maintain that it does in that case as much and for the same reasons as if the possession had been so received. The ruling best supported by authority, English and American, is stated by Bigelow on Estoppel, 397 and 398, to be, that an anterior possession does not vary the application of the rule on the ground that although the party asserting the estoppel may not have lost the advantage of parting with the possession, yet by attornment to him or the new relation of vendor and vendee, he may have been led into some omission or conduct prejudicial to his title which ·otherwise would not have been. In this state the rule is held to be, that a possession previous to a lease or contract of purchase does not let in the party to dispute the title which he had recognized. In *Love* v. *Edmonson, supra,* the defendant had been in possession before the purchase of his and other tracts by Love from one Lockhart, and Edmonson conditionally purchased the same from Love, if a mortgage thereon was paid off, and if not, then his contract was to pay rent, just as was agreed in this case, and this court ruled that Edmonson, whether as lessee or purchaser, could not dispute the title of Love, and upon the question of the possession by Edmonson previously to his

contract of purchase enabling him to dispute Love's title, the court held upon the authority of the case of *Bullen* v. *Mills*, 29 Eng. C. L., 16, that that circumstance did not enable him to dispute the title which he had recognized Neither did a want of title in Love prevent the application of the estoppel, for he had only an equity of redemption, as the plaintiff here had an equity for a deed from the sheriff. We hold therefore that neither ground on which defendant seeks to except his case from the operation of the rule of estoppel is tenable, and that His Honor's refusal of the proposed proof was right.

3. The last exception of defendant was to the exclusion by the court of proof of an alleged sheriff's sale with plaintiff's consent to one Garren and a sale by him to defendant, subsequently to defendant's lease and contract of purchase.

The refusal of this evidence is justified on the same reasons and authority as was the evidence considered of under the last exception, and a farther discussion is therefore unnecessary. If the defendant could be allowed to set up a claim of title in Garren, and from him to himself, and then by an allegation of consent by plaintiff to the purchase by Garren, make a case for a declaration of trust by construction of a court of equity, the protection intended for the plaintiff and all landlords by the rule which forbids a dispute of their titles by a tenant, would be completely subverted. If there be an equity in favor of defendant in the fact alleged by him of a consent by plaintiff to the purchase by Garren, after surrendering the possession, he can set it up by an independent action.

The several exceptions of defendant having been passed upon and no error found in the rulings of the court below, the judgment appealed from must be affirmed, and it is so ordered.

No error.                                        Affirmed.