## LUMBER CO. v. LUMBER CO.

(Filed February 27, 1906).

*Trespass—Damages—Former   Judgment—Estoppel.*

1.   In an action for damages for trespass committed in cutting timber, where the plaintiff relied alone on constructive possession arising out of its paper title which it alleged covered the land upon which the cutting was done, and where the jury found that the defendant had not trespassed and therefore that the plaintiff had no title to the *locus in quo*, this finding of the jury and the judgment of the court in accordance therewith are a complete bar to a motion in the action by plaintiff for the assessment of damages claimed by him to have accrued from a continuance of the same alleged trespass since the action was commenced, and this is true, though the plaintiff recovered nominal damages by reason of an agreement of counsel admitting a technical trespass.

2.   A judicial determination of the issues in one action is a bar to a subsequent one between the same parties having substantially the same object in view, although the form of the latter and the precise relief sought is different from the former.

3.   While the act of entering upon land and cutting timber constitutes a continuing trespass for which successive actions may be brought, the plaintiff recovering damages in each to the date of his writ, yet this principle does not apply, so as to prevent a bar, where the plaintiff has failed to prove the unlawful entry or to show his possession, either actual or constructive, of the land upon which he alleges the defendant trespassed.

Motion in the cause of John L. Roper Lumber Co. against Elizabeth City Lumber Co., heard by *Judge T. J. Shaw,* at the Fall Term, 1905, of the Superior Court of Camden.

This cause was before us, on appeal by both parties, at February Term, 1904 (135 N. C., 742 and 744), and again, on petition to rehear, at February Term, 1905 (137 N. C., 431). We held in the first of the above reported cases that the plaintiff was not entitled to judgment declaring it to be, the owner of the land, as the recovery of the land was not the object contemplated when the suit was brought and was not within its intended scope, but only the recovery of damages for a trespass in cutting and removing timber. A simple judgment dismissing the action was directed to be entered for the defendant. Plaintiff filed a petition to rehear the case and we then held that there was error in the former judgment and that plaintiff was entitled, upon the agreement of counsel and the verdict of the jury, to nominal damages and costs. The judge, on plaintiff's motion, had enjoined the defendant from cutting timber on the land in dispute unless it should give bond to pay all damages the plaintiff sustained by reason of the modification of the order for the injunction. The bond was given and the defendant was thereupon permitted to continue the cutting of timber on the land. When the case was again called in the lower court, the plaintiff's counsel moved that judgment be entered for nominal damages and costs, according to the mandate of this court, and further that the damages sustained by the cutting of the timber since the suit was brought be inquired into and assessed by a jury or ascertained by a reference as was proper, and that it have judgment for the amount so ascertained. This motion was denied and plaintiff excepted and the case is again brought here by appeal of the plaintiff from the order denying its motion. The facts are so fully stated in the former reports of the case that it is unnecessary to reproduce them here.

*W. M. Bond* and *W. B. Rodman* for the plaintiff.
*Aydlett & Ehringhaus* for the defendant.

WALKER, J., after stating the facts: The motion of the plaintiff, as stated in the argument before us, is based upon the contention that the former judgment for nominal damages and costs does not preclude a recovery of damages accrued since the action commenced, as in an action of trespass, such as this is, damages can only be assessed to the date of issuing the writ or summons and not to the time of the trial, and therefore no inquiry was made in the former trial as to any damage sustained since the action commenced. He relies on the case of *Jones v. Kramer,* 133 N. C., 446, in support of this position. We do not think that decision has any application to the facts of this case. Counsel, as it appears, agreed, before the trial in the court below, that if the jury should answer the first issue, as to title, "Yes," the fact that defendant had trespassed should be taken as admitted and the amount of the damages should be ascertained by a reference under The Code. The jury did give affirmative answers to both the first and second issues, which related to the title, or ownership of the land, but *Judge Justice,* who presided at the trial, submitted a third issue, as follows: "Has the defendant cut timber or committed other acts of trespass on the lands described in the complaint and inside the Weeks and Valentine grants?" To this issue the jury responded in the negative. In referring to this phase of the case, this court, by *Douglas, J.,* in 135 N. C., at page 743, said: "The plaintiff brought a civil action in the nature of trespass, alleging its ownership of the land in question and the defendant's trespass thereon. The jury found in substance that the plaintiff owned a part of the lands described in the complaint, but that the defendant had not trespassed upon those particular lands. This was the practical result of the verdict," and the learned justice, for the court, then

added, "and its legal effect was to entitle the defendant to a
judgment that it go without day and recover its costs." On
the rehearing we practically affirmed what was first said by
the court, as to the legal effect of the answer to the third
issue, but we held that the other part of the decision, which
we have just quoted, did not give proper force and effect to
the agreement of counsel, and the general result was de-
clared to be that plaintiff was entitled to recover nominal
damages, under the agreement and the finding of the jury
upon the first and second issues, but that it was not entitled
to any substantial damages, as it was perfectly apparent, from
the judge's charge and the response to the third issue, the
jury had found that plaintiff had failed to show that its
paper title covered the *locus in quo* or that any actual tres-
pass had been committed by cutting timber or otherwise. As
said by *Justice Douglas* for this court (135 N. C., 743), the
gravamen of the action is trespass. Plaintiff does not sue to
recover the land, but for an injury to his possession. It has
not shown it was in actual possession of the *locus in quo*
claiming the same as its own, nor is there any pretense that
it ever had any such possession to be invaded, so far as the
case shows. It relied upon constructive possession arising
out of its alleged title, and counsel so stated at the last hear-
ing, as they had previously done. The jury have found that
while plaintiff has title to the land described in the complaint,
because the grant (referred to therein) and *mesne* convey-
ances introduced by it at the trial corresponded with the de-
scription set out in the complaint, yet the jury have gone
further and said that these papers do not describe the land
upon which the timber was cut and upon which the tres-
pass is alleged to have been committed. There has been no
assessment of damages nor attempt to assess them and no
issue submitted for their assessment. The jury have merely
found that there has been no trespass and there must be a
trespass before there can be any assessment of damages. The

plaintiff therefore has lost upon the main issue in the case.
Again, it is apparent that the plaintiff sued to recover dam-
ages for cutting timber and removing the same from the land
it claims to own, that being the sole trespass complained of
and that the acts of trespass upon which the suit was origi-
nally predicated were of the same nature as those now alleged
to have been committed since the suit was commenced. In
other words, the timber from the beginning has been cut
upon the same land. The plaintiff so alleges in the fourth,
fifth and sixth sections of the complaint. The specific allega-
tion in those sections is that defendant had cut (before the
suit was commenced) and is now cutting timber on the land
and, moreover, will continue to cut timber thereon unless
restrained by the court. The defendant admits the cutting of
timber, but denies the plaintiff's ownership of the land on
which the cutting has been and is being done, and avers own-
ership in itself. So that the issue was squarely joined be-
tween the parties as to the location of the lands described in
the plaintiff's grant and deeds. The jury answering the
third issue, under instructions not only not assailed but
proper in themselves and which strictly confined their con-
sideration of that issue to the question of location, have
found that the plaintiff's grant and deeds did not cover the
*locus in quo.* We do not see why this finding and the judg-
ment of the court in accordance therewith, is not a complete
bar to the prosecution of any further suit or proceeding for
the recovery of damages. Plaintiff having relied upon its
title as giving it the necessary constructive possession to
maintain this action of trespass for cutting the  timber it
has, so far as the recovery of actual or substantial damages
is concerned, been defeated before the jury upon the vital
question involved in the case, namely, the location of the
lands described in its title deeds and their identification with
those upon which the trespass is alleged to have been com-

mitted and, but for the technical advantage gained by the agreement, it would have lost everything.

The test as to the bar of a previous action, is not whether the damages sought to be recovered are different, but whether the cause of action, or the decisive question involved is the same. *Gibbs v. Cruikshanks,* L. R. 8, C. P. 460. A judicial determination of the issues in one action is a bar to a subsequent one between the same parties having substantially the same object in view, although the form of the latter and the precise relief sought is different from the former. *Edwards v. Baker,* 99 N. C., 258; *Tuttle v. Harrill,* 85 N. C., 456. It is true that the act of entering upon land and cutting timber constitutes a continuing trespass for which successive actions may be brought, the plaintiff recovering damages in each to the date of his writ. *Jones v. Kramer,* 133 N. C., 446; *Moore v. Love,* 48 N. C., 215. But this principle does not apply, so as to prevent a bar, where the plaintiff has failed to prove the unlawful entry or to show his possession, either actual or constructive, of the land upon which he alleges the defendant trespassed, and the jury have found and the court adjudged in this case that the plaintiff has no title to the land upon which to base a constructive possession, which was his sole reliance. *Brown v. Lake,* 29 Ohio St., 64. Having joined issue upon this question, so essential to be established in its favor in order to warrant a recovery of damages, and having lost, it will not now be heard to assert what is practically and in legal contemplation the same title and right, but must abide the legal consequences of the verdict and judgment against it. The rule is that a point once determined between the parties or their privies cannot again be brought in question, and the former decision may be relied upon as an estoppel in any cause of action that may thereafter be tried involving the same point. *Gay v. Stancell,* 76 N. C., 369; Bigelow on Estoppel (5 Ed.), p. 10; *Yates v. Yates,* 81 N. C., 397; *Jones v. Beaman,* 117 N. C.,

259. It matters not whether we treat the former adjudication as a bar or as a strict estoppel, *Isler v. Harrison,* 71 N. C., 64, the legal effect is the same, as either is of conclusive force upon the question decided. As said in *McElwee v. Blackwell,* 101 N. C., at p. 195, "the title is determined and this effectually defeats the action." At the former trial, the fundamental and essential fact of the plaintiff's case, upon which it based its claim for damages, was, as we have shown, found against it, and the law forbids further litigation.

We do not construe the defendant's or the inspector's reports of timber cut as do the plaintiff's counsel, but even if the defendant had reported the timber as having been cut on the land described in the complaint, the law will not permit that fact, nor the terms of the orders made in the cause, to outweigh the deliberate verdict of a jury upon that question, followed, as it was, by a judgment of the court thereon. *Fanshaw v. Fanshaw,* 44 N. C., 169; *Yarborough v. Harris,* 14 N. C., 40.

The motion of the plaintiff is for the assessment of damages accrued since the action was commenced, that is, of course, for damages which have accrued in like manner as those which were alleged to have been sustained prior to the date of the summons. To allow this, would be to give the plaintiff two chances to establish its case and to recover, not as much, it is true, as it would have done if it had succeeded instead of failed in showing the justice of its claim, but still something of the same kind and depending upon the same asserted right or title which the jury had found did not in fact exist. We hold that the effect of the former decision is to bar the plaintiff's recovery of damages.

No Error.