DANIEL J. NANCE ET AL. v. W. A. ROURK ET AL.

(Filed 26 March, 1913.)

1. **Contracts — Possession in Subordination to Another's Title — Estoppel.**

   Where one acquires possession of land by contract or agreement with another, and in subordination to his title, he is estopped to deny that title until he has surrendered the possession so acquired and placed the one with whom he has thus dealt at arm's length with himself.

2. **Same—Evidence.**

   In an action to recover a tract of land it is competent for the plaintiff to show, as to whether the defendant entered the possession of the lands under an agreement with him and in subordi-

nation to his title, that when he moved his residence therefrom and to another county the defendant or his agent promised to take charge of the land and look after it in his absence, and to pay taxes, which he was to repay on being notified; that defendant agreed to list the taxes in the plaintiff's name; that defendant was to receive the rents to be applied on an account due him by plaintiff; that some three years ago defendant asked plaintiff to sell him the land.

**3. Nonsuit—Evidence, How Construed.**

In this action to recover a tract of land there was evidence tending to show, and *per contra*, that the defendant entered upon the lands under an agreement to hold the same for the plaintiff, and in subordination to his title; that the defendant had never surrendered or offered to surrender the possession to the plaintiff, and plaintiff had made no demand therefor until he brought his suit: *Held*, under the principle that on a motion to nonsuit upon the evidence the evidence must be viewed in the light most favorable for the plaintiff, the motion was erroneously granted.

APPEAL by plaintiffs from *Bragaw, J.,* at September Term, 1912, of BRUNSWICK.

This action was brought to recover a tract of land containing 200 acres. Plaintiffs claimed the land under a deed from Evander Canady. At the close of the plaintiffs' testimony, the court, on motion of defendants, nonsuited the plaintiffs, and they appealed.

*C. Ed. Taylor for plaintiffs.*
*Cranmer & Davis and Robert Ruark for defendants.*

WALKER, J., after stating the case: The question in this case is the sufficiency of the plaintiffs' evidence to show title and the right to the possession of the land. There was some evidence of adverse possession of the land before Evander Canady bought it from John J. Hawes on 1 March, 1885, but we need not, at present, inquire whether it was sufficiently continued and notorious to show title out of the State or to vest the title in Canady or those under whom he claimed, as we are of the opinion that there was other evidence which should have been submitted to the jury upon the plaintiffs' title and right

to the possession of the land. It is a settled rule of the law that where one acquires possession of land by contract or agreement with another and in subordination to his title, he cannot ordinarily dispute that title until he has surrendered the possession so acquired and placed the one with whom he has thus dealt at arm's length with himself. *Farmer v. Pickens,* 83 N. C., 549; *Pate v. Turner,* 94 N. C., 47; *Yarborough v. Harris,* 14 N. C., 40; *Burwell v. Roberts,* 15 N. C., 81; *Campbell v. Everhart,* 139 N. C., 503, and cases cited; 16 Cyc., 804. "The rule," said *Chief Justice Ruffin* in *Yarborough v. Harris, supra,* "is founded on high grounds of morality and good faith, and at all times ought to be rigidly adhered to, where circumstances require its application"; and *Justice Dillard* said in *Farmer v. Pickens, supra,* that "the rule is founded on a principle of honèsty, which does not allow possession to be retained in violation of that faith (and confidence) on which it was obtained or continued." Herman in his work on Estoppel (1886), at p. 981, sec. 854, states it as a general principle that "where a party has kept or obtained the possession of land which he otherwise would not have had, by means of an agreement or understanding, he shall be estopped from setting forth anything in opposition to its terms or intent, in a suit brought in order to recover such possession," citing many cases. This being so, it appears in this case that Evander Canady claimed the land and had a deed therefor, and that when he changed his residence from Brunswick to Columbus County some years before the trial, he had an agreement with the defendants, or with W. A. Rourk, acting for them, by which they promised to take charge of the land and look after it for him while he was absent, and to pay the taxes thereon, which Canady promised to pay to them when notified of the amount. Plaintiffs proposed to show by Evander Canady that defendants agreed to list the land for taxes in his name, but this evidence was excluded. It was also proved that it was further agreed between Canady and defendants that the rents of the land should go to them until a store account due by Canady to them was paid. Plaintiffs further proposed to prove by Canady that he had a conversation with defendant W. A. Rourk, three years ago, in which

the latter asked Canady to sell the land to him, but this evidence was ruled out. Canady has been absent for many years, though he lived within about 50 miles of the land. Defendants have never surrendered the possession, nor has any demand been made upon them for same until this suit was brought, so far as appears.

We do not see why the excluded evidence was not competent in connection with that which was admitted, or why the testimony of the witness Evander Canady should not have been submitted to the jury, under the principle we have stated. There was at least some evidence that defendants obtained the possession of the land under the agreement with Canady, and having done so, it would be bad faith for them now to dispute his title or right to the land for the purpose of retaining a possession thus acquired. We are, of course, construing the evidence most favorably to the plaintiffs, as we should always do in the case of a nonsuit, making all reasonable inferences in their favor. The rule, as stated in *Brittain v. Westall,* 135 N. C., 492, and approved in *Deppe v. R. R.,* 152 N. C., 79; *Freeman v. Brown,* 151 N. C., 111, and other recent cases, is as follows: "The evidence must be construed in the view most favorable to the plaintiff, and all the facts which it tends to prove and which are an essential ingredient of the cause of action must be taken as established, as the jury, if the case had been submitted to them, might have found those facts from the testimony." The jury might fairly and reasonably infer from the evidence that defendants had entered into possession as the agents of Canady, who conveyed to plaintiffs, and are estopped now to question his title, not having placed themselves in a position to do so. *Springs v. Schenck,* 99 N. C., 551. They must first give up that possession which they have thus acquired before being allowed to assert their own title to the land, if they have any; otherwise, they would be permitted to take advantage of their own wrong and acquire an advantage over the plaintiffs to which they are not entitled according to the plain rules of fair dealing.

We do not say that there is no other evidence upon which, if believed, the plaintiffs might recover, but we will make no

further reference to the same, as the evidence of the agency was sufficient to carry the case to the jury.

The nonsuit will be set aside and a new trial ordered.

New trial.