LUCINDA BROCK ET AL. v. J. ELLIS WELLS ET AL.

(Filed 18 March, 1914.)

1. **Deeds and Conveyances — Title of Plaintiff—Trials—Burden of Proof.**

In an action to recover lands the plaintiff must depend upon
the strength of his own title, and a defect in that of a defendant
who does not claim thereunder will not avail him.

2. **Deeds and Conveyances—Possession of Tenant—Trials—Evidence.**

Where it is contended, by a plaintiff, in an action to recover
lands, that the defendant entered into the possession of the
*locus in quo* under a grantor in his chain of title, and was there-
fore estopped to deny plaintiff's title, the testimony of a witness to
that effect is incompetent, it appearing that it was from hearsay,
or that the witness only knew of this fact, that the defendant
merely entered into possession of the *locus in quo* after the
abandonment of the plaintiff's grantor, and not how he entered,
and was qualified to speak to this fact alone.

APPEAL by defendant from *O. H. Allen, J.,* at November
Term, 1913, of DUPLIN.

This action was brought to recover the possession of a tract of land. On 3 April, 1854, John Wilson conveyed the land to his daughter, Mary A. Bowen, wife of Stephen Bowen, for life, with remainder to her surviving children. Bowen and his wife then entered into possession of the land and occupied it until two years before they left this State, which was in 1857. They never returned, nor was any claim to the land made by them or their heirs for many years. About one month after they left the land, John Gibb Fussell entered into possession of the same and cultivated it several years, when he conveyed it to James Wells, 22 January, 1876, and Wells occupied it until 1893, when he conveyed it to his two sons, the defendants in this action, and they have occupied it ever since that time. Stephen Bowen died in 1873, and Mary Ann Bowen, his wife, in 1885, and plaintiffs are their children and grandchildren and their heirs at law. A witness for plaintiffs, W. H. Fussell, testified, among other things, that the Bowens left John G. Fussell in possession of the land, but that all he knew about it was that John G. Fussell "lived there and worked the place," and he did not mean to say that he knew that Fussell was in possession under them. He afterwards said that he knew Fussell was their tenant, "but he did not know how he knew it," and "that all he knew was that he lived and worked there." He also stated, over objection of defendant, that he knew the circumstances and conditions of his possession by hearsay. There was evidence of a long continued adverse possession of defendants and those under whom they claim, and of the disabilities of some of the plaintiffs during that period of time, but it is not necessary to set it out in detail.

The jury found for their verdict that certain of the plaintiffs, Sallie Couch and others, owned two-fifths of the land. Judgment on the verdict, and defendants appealed.

*H. D. Williams for plaintiff.*
*Stevens & Beasley for defendant.*

WALKER, J., after stating the case: We need not discuss the questions raised on the argument as to plaintiffs' disabilities or

defendants' title to the land by adverse possession, as we are of the opinion that there was no competent evidence to show that plaintiffs owned the land or any part thereof. The title was not shown to be in John Wilson, who conveyed it to his daughter, Mrs. Bowen, under whom they derive title, and no other claim of title was set up in behalf of Mrs. Bowen. In truth, she had none, nor did Wilson have any, so far as this case shows.

Plaintiffs contend, though, that defendants are estopped to claim the title, or rather to deny their title, as John G. Fussell acquired the possession from the Bowens, as their tenant, and defendants claim under Fussell.

If a party takes possession under another, as a tenant or permissive occupant, he cannot dispute the title of the person from whom he got the possession, until he has fully surrendered it or given it back to him from whom he received it. *Farmer v. Pickens,* 83 N. C., 549; *Springs v. Schenck,* 99 N. C., 552, and · *LeRoy v. Steamboat Co., ante,* 109, and cases therein cited. But when the evidence in the case is properly considered, there was none of a competent nature for submission to the jury, that Fussell acquired the possession from the Bowens. They left the land, and a month afterwards Fussell took possession of it. There was nothing to show any connection between him and the Bowens, except the mere sequence of events as we have stated them, unless the testimony of W. H. Fussell supplies the missing link; and we do not think that, if it is susceptible of that construction, it should be allowed to do so, as it was hearsay. It is perfectly evident that he knew nothing about it—that is, had no competent knowledge of the facts. He admitted as much, and expressly stated that he was speaking from hearsay, which was incompetent, and should have been excluded when defendant objected; and he further said that *all* he knew was that "Fussell lived and worked there." It was so clear that he was basing his statements upon hearsay, or upon his own confession of an entire want of knowledge, that the court should not have considered them as evidence of the disputed fact. There was error in this respect. Nor is the testimony of B. W.

Blanton any more definite. There is nothing to show that Fussell was let into possession by the Bowens. The mere fact that he was in possession after they left does not tend to show it. There must be something more than this isolated fact. Plaintiff's own witness, Blanton, testified that Fussell did not take possession until a month after the Bowens had left the land.

It was error to admit the hearsay testimony of W. H. Fussell against the objection of the defendants, and because of this error the appellants are entitled to another jury.

We have not considered the exceptions of defendants which are based upon their claim of adverse possession, and the evidence they offered to support it, and for the obvious reason that the burden is upon the plaintiff in the first instance to show a good title, before the defendant is called upon to say anything in defense. "The rule is well settled," as was said in *Rumbough v. Sackett,* 141 N. C., 495, "that a plaintiff in ejectment must recover, if at all, upon the strength of his own title, and not upon the weakness of his adversary's. He must, in other words, show a title good against the world, or good against the defendant by estoppel," citing *Mobley v. Griffin,* 104 N. C., 112; *Campbell v. Everhart,* 139 N. C., 503. One reason for the rule is, that possession, being *prima facie* evidence of ownership, will protect the defendant, unless the plaintiff shows a superior title, or a right to oust him, as was held in *Mitchell v. Garrett,* 140 N. C., 397, citing 2 Lewis Blk., p. 663, note (7); Tyler on Ejectment, 204; Newell on Ejectment, 433 (13). A new trial is ordered because of the error indicated.

New trial.